# JACK McCARTHY v. STATE.

No. A-893.   Opinion Filed December 30, 1911.

(119 Pac. 1020.)

1. **INTOXICATING LIQUORS—Possession With Intent to Sell—Evidence.** In a prosecution for having possession of intoxicating liquors, with intent to sell, barter, give away, or otherwise furnish, the evidence, to be sufficient to convict, where there is no proof of the payment by the defendant of the special tax required of liquor dealers by the United States, must show, in addition to possession, such acts or conduct of the defendant as tend to prove unlawful intention. In the absence of such evidence, it is the duty of the trial court to advise the jury to acquit the defendant.

2. **TRIAL—Instructions—Errors—Cure by Other Instructions.** Error in instructing that "it is not necessary or incumbent on the state to show a sale, an attempt to sell, or that the liquors were exposed or offered for sale, or that the liquors were owned by the defendant," where there is no proof of payment by the defendant of the special tax required of liquor dealers by the United States, was not cured by the statement following that: "The unlawful purpose or intention is the essence of the offense, and should be clearly made out to the satisfaction of the jury, beyond a reasonable doubt."

(Syllabus by the Court.)

*Appeal from Kay County Court; Claude Duval, Judge.*

Jack McCarthy was convicted of violation of the prohibitory law, and he appeals.   Reversed.

*Herman S. Gurley,* for plaintiff in error.

*Chas. West,* Atty. Gen., and *Smith C. Matson,* Asst. Atty. Gen. (*Andrew Wood,* of counsel), for the State.

DOYLE, J.   The plaintiff in error was convicted in the county court of Kay county on an information which charged:

"Did unlawfully have and keep in his possession spirituous liquor, to wit, whisky, with the unlawful intent then and there to sell, furnish, and barter said whisky to various persons."

May 21, 1910, he was sentenced to serve a term of 90 days in the county jail, and pay a fine of $250.   To reverse this judgment, an appeal was taken.

It is contended that the testimony is wholly insufficient to support a conviction, and that defendant's motion to direct a verdict of not guilty should have been sustained. After a careful examination of the evidence, we must conclude that this assignment is well taken. The only evidence in relation to the offense charged is the testimony of the officer who made the arrest. He testified that the defendant had seven pints of whisky in his possession when arrested. There was no evidence, either positive or presumptive, of the defendant's intent to violate any of the provisions of the prohibition law, except the quantity of liquor in his possession. The mere naked presumption, founded on the fact of possession, standing alone, is insufficient to support a conviction. The rule declared by justice and reason requires that the fact of criminal intent be proved and not presumed. Another rule which is approved by all thinking and just men requires that guilt should flow naturally and easily from the facts proved, and be consistent with all the facts.

The evidence should be of such a character as to overcome *prima facie* the presumption of innocence. If the evidence raises a mere suspicion, or, admitting all it tends to prove, the defendant's guilt is left doubtful or dependent upon mere supposition, surmise, or conjecture, the court should advise the jury to acquit the defendant.

The court gave to the jury the following instruction:

"No. 5. You are instructed that to prove an unlawful keeping of possession of liquors, with the intent to sell or barter the same, it is not necessary or incumbent on the state to show a sale, an attempt to sell, or that the liquors were exposed or offered for sale, or that the liquors were owned by the defendant; but the unlawful purpose or intention is the essence of the offense, and should be clearly made out to the satisfaction of the jury beyond a reasonable doubt. (Excepted to by defendant. Exception allowed.) Claude Duval, Judge."

There was no evidence in this case tending to prove the payment of the special tax required of liquor dealers by the United States, the payment of which, under the provisions of the prohibition law (section 4181, Snyder), shall constitute *prima facie* evi-

dence of the intention to violate the provisions of the act. For this reason, this instruction in effect informed the jury that it would be sufficient to show intent to sell, furnish, or barter by proof on the part of the prosecution showing possession alone, and that the burden was on the defendant to explain his possession of such liquors. Without a doubt, this instruction was prejudicial to the substantial rights of the defendant.

The criminal intent involved in the commission of the offense charged is the intent to sell, furnish, or barter, and in order to convict, where there is no proof of payment by the defendant of the special tax required of liquor dealers of the United States, there must be evidence, either positive or presumptive, amounting to proof of such unlawful intent.

For the reason stated, the judgment is reversed.

FURMAN, P. J., and ARMSTRONG, J., concur.