## WADE FOREMAN v. STATE.

No. A-1512.    Opinion Filed January 13, 1913.

(128 Pac. 1101.)

INTOXICATING LIQUORS—Unlawful Possession—Sufficiency of Evidence. In a prosecution for having possession of intoxicating liquors with intent to violate provisions of the prohibition law, where there is a total absence of direct or presumptive evidence to sustain the charge, the judgment of conviction will be reversed.

(Syllabus by the Court.)

*Appeal from Okmulgee County Court;*
*George A. Johns, Judge.*

Wade Foreman was convicted of violating the prohibitory law, and appeals. Reversed.

*George James,* for plaintiff in error.

*Chas. West,* Atty. Gen., and *Smith C. Matson,* Asst. Atty. Gen., for the State.

DOYLE, J. The plaintiff in error was convicted in the county court of Okmulgee county upon an information which charged:

"Did then and there, unlawfully and wrongfully, have the possession of certain intoxicating liquors, to wit, six gallons of whisky, with the intent on the part of him, the said Wade Foreman, of violating the provisions of article 3 of chapter 69 of the Session Laws of 1907-08 of the state of Oklahoma."

October 7, 1911, he was sentenced to be confined in the county jail for a period of 60 days and to pay a fine of $50. To reverse this judgment an appeal was taken.

It is contended that the testimony is wholly insufficient to support the judgment of conviction. After an examination of the evidence, we are without doubt as to the propriety and necessity of reversing this judgment. The only evidence on the part of the state was that of Mark Moore, who testified that he was a deputy sheriff, and on May 24, 1911, he, with the sheriff, went to the home of the defendant, two miles north of Okmulgee; that on that day he had been inspecting the depot and noticed that there were two cases of whisky for the defendant, and that afternoon he secured a search warrant and went to the home of the defendant and found nobody there, but found the defendant out in the field plowing cotton; that they went to the house and found two cases of whisky, one of them stored in a dresser drawer, and the other one lying on the floor of the kitchen; that he asked the defendant what he was going to do with it, and he answered that he was going to drink it; that one of the bottles had been opened, and probably a gill taken from it; and that he seized the liquor. He further stated that prior to this time he had never seen the defendant take any shipment of liquor from the depot. This was all the testimony introduced by the state.

On behalf of the defendant, Dr. J. E. Porter testified that he was a duly licensed and practicing physician at Okmulgee;

that he had professionally treated the defendant for about six years off and on; that during the past year the defendant was in poor physical condition; that since last winter his lungs have been affected, and that in his weakened condition it was necessary for him to have a stimulant or tonic to be able to work; that he also treated him for bronchitis; and that, as his physician, he had prescribed whisky for him.

The defendant, testifying on his own behalf, stated that he bought the two cases of whisky, and had them in his home on his farm, where they were found by the prosecuting witness and taken by him under a search warrant, and that the whisky was purchased for the use of himself and his wife; that he had had a bad spell in the winter; and that to be able to work on his farm he had to stimulate himself. He further testified that he had never sold any whisky. This was all of the evidence in the case.

In the case of *McCarthy v. State,* 6 Okla. Cr. 483, 119 Pac. 1020, this court said:

"The mere naked presumption, founded on the fact of possession, standing alone, is insufficient to support a conviction. The rule declared by justice and reason requires that the fact of criminal intent be proved and not presumed. Another rule which is approved by all thinking and just men requires that guilt should flow naturally and easily from the facts proved, and be consistent with all the facts. The evidence should be of such a character as to overcome *prima facie* the presumption of innocence. If the evidence raises a mere suspicion, or, admitting all it tends to prove, the defendant's guilt is left doubtful or dependent upon mere supposition, surmise, or conjecture, the court should advise the jury to acquit the defendant."

The Bill of Rights is something more than a mere compilation of glittering generalities. Some of its provisions constitute a formal and public declaration of popular rights and liberties. The guarantee in article 2, sec. 30 (38 Williams'), that the right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches or seizures shall not be violated, should be respected by all peace officers and law-abiding citizens. Section 4188 of the enforcement act (Comp. Laws 1909) provides:

"No warrant shall be issued to search a private residence, occupied as such, unless it, or some part of it, is used as a store, shop, hotel, boarding house, or place for storage, or unless such residence is a place of public resort."

And the statute is in accordance with the Bill of Rights.

There is nothing in the testimony of the prosecuting witness that tends to show that the defendant's home, where the liquor was seized, came within any of the exceptions of the statute. It was the lawful right of the defendant to have this liquor for his own use, and there was no evidence tending to show that he intended to violate the prohibitory law.

The judgment is therefore reversed.

FURMAN, P. J., and ARMSTRONG, J., concur.