## JEROME WILSON v. STATE.

No. A-2054.   Opinion Filed June 20, 1914.

Appeal from County Court, Beaver County;

Geo. H. Healy, Judge.

Jerome Wilson was convicted of a violation of the prohibitory law, and appeals.   Reversed.

J. W. Culwell and Chas. Swindall, for plaintiff in error.

Chas. West, Atty Gen., C. J. Davenport, Asst Atty Gen, for the State

PER CURIAM.   Plaintiff in error was convicted in the county court of Beaver county on an information which charged the possession of twenty-two pints of whisky, with the unlawful intent to violate provisions of the prohibitory law.   April 12th, 1912, judgment was rendered, and he was sentenced to serve a term of thirty days in the county jail and to pay a fine of fifty dollars.   To reverse the judgment an appeal was perfected.

It is contended that the testimony is wholly insufficient to support a conviction, and that the motion to direct a verdict of not guilty should have been sustained. The proof on the part of the state is that M. A. Shuler, a farmer, on the day alleged was in the town of Forgan, and there met the defendant, who asked him to haul a package of whisky from the depot to Beaver City; that on the road they were stopped by Sheriff Johnnie Jones, who said he wanted to search the wagon for booze, and the defendant said "here it is," and the sheriff took the whisky. The defendant as a witness in his own behalf testified that he resided in Beaver City, and that his reason for ordering the amount of whisky he did from Kansas City was because it was talked around by a good many people and he understood that within a short time the Webb law would go into effect, and after that he could not get any more liquor; that he ordered pint bottles because it was cheaper than in quarts, and offered in evidence the price list showing that the same was cheaper by getting it in pint bottles.

There was no evidence tending to show the defendant's unlawful intent to violate any provisions of the prohibitory law. This court has held that the possession of intoxicating liquors is a circumstance that may be considered together with other competent evidence in the trial of a person charged with the offenes of having the unlawful possession of intoxicating liquor, but that the mere possession without any other proof of any kind is not sufficient to sustain a conviction. In McCarthy v. State, 6 Okla. Cr. 483, 119 Pac. 1020, it is said:

"The rule declared by justice and reason requires that the fact of criminal intent be proved and not presumed. Another rule which is approved by all thinking and just men requires that guilt should flow naturally and easily from the facts proved, and be consistent with all the facts. The evidence should be of such a character as to overcome prima facie the presumption of innocence. If the evidence raises a mere suspicion, or, admitting all it tends to prove, the defendant's guilt is left doubtful or dependent upon mere supposition, surmise, or conjecture, the court should advise the jury to acquit the defendant."

It is our opinion that there is no evidence sufficient to show the unlawful intent. It follows that the judgment should be reversed.