## C. A. WHITEHEAD v. STATE.

No. A-4546.   Opinion Filed Nov. 15, 1924.

(230 Pac. 291.)

(Syllabus.)

1.  **Intoxicating Liquors—Search Warrant on Mere Information and Belief Insufficient.** A search warrant predicated on mere information and belief is insufficient. There must be a showing, under oath, setting out facts showing probable cause.

2.  **Intoxicating Liquors—Possession of More than Gallon Merely Prima Facie Evidence of Illegal Possession.** An instruction that possession of more than one gallon of liquor, even though the person has it for his own use, makes the possessor guilty of illegal possession is erroneous. Possession of liquor is merely prima facie evidence of guilt—a presumption that may be rebutted.

Appeal from County Court, Grady County; J. E. Shelton, Judge.

C. A. Whitehead was convicted of the illegal possession of intoxicating liquor, and he appeals. Reversed and remanded.

Holding & Herr and R. C. Searcy, for plaintiff in error.

The Attorney General and G. B. Fulton, Asst. Atty. Gen., for the State.

BESSEY, J.  C. A. Whitehead, plaintiff in error, was in the county court of Grady county, by a verdict of a jury, found guilty of the unlawful possession of intoxicating liquor, with his punishment assessed at confinement in the county jail for a period of 60 days, and to pay a fine of $50.

The evidence upon which this conviction rests was for the most part procured by means of a search warrant predicated upon an affidavit made wholly on information and belief. Our Constitution, article 2, § 30, provides that no search warrant shall issue except upon a showing of probable cause supported by affidavit, and such affidavit must set

forth the facts showing probable cause. Mere belief is not sufficient. Sections 2879, 7009, Comp. Stat. 1921; Gore v. State, 24 Okla. Cr. 394, 218 Pac. 545.

After the admission of testimony, over the objections of the defendant, showing the seizure of one gallon jar of whisky and another jar partly full found in the home of the defendant, the defendant took the stand, and said that he had the whisky for his own personal use and not for sale. The state contends that the erroneous introduction of evidence procured by an illegal search was thereby rendered harmless, solely because of the defendant's admission that he had more than one gallon of intoxicating liquor.

We think the state's contention is untenable. It was not an admission, strictly speaking, but only an explanation; a claim that he had it for no unlawful purpose; a defense which he had a right to make, and one that could not be impaired by an illegal search. Moreover, the court instructed the jury in part as follows:

"You are further instructed, gentlemen of the jury, that, if you believe from the evidence in this case that the defendant had three gallons of whisky as alleged in the complaint, even though he had the same for his personal use, under the law he will be guilty, and you should so say by your verdict."

Under the provisions of our prohibitory law the fact that one has more than one gallon of whisky is not conclusive evidence that such possession is illegal. It amounts to prima facie evidence only—a presumption that may be rebutted. The court by giving the instruction quoted deprived the defendant of his right to a consideration of his evidence tending to rebut this legal presumption.

For the errors stated, the cause is reversed and remanded.

MATSON, P. J., and DOYLE, J., concur.