## HENRY JENKINS v. STATE.

No. A-4563.    Opinion Filed Nov. 22, 1924.

(230 Pac. 293.)

(Syllabus.)

1.  **Evidence—Evidence Insufficient to Sustain Conviction for Unlawful Possession.** Where the only evidence connecting the accused with the illegal possession of whisky is the seizure of a trunk containing whisky at a rooming house, and the statement of the wife of the accused, in his absence, that the whisky belonged to her husband, the evidence is insufficient for two reasons.

    Under the provisions of section 2699, Comp. Stat. 1921, the wife cannot testify against her husband, and the testimony given by the officers concerning the ownership of the whisky was hearsay.

2.  **Evidence—When State May Show Bad Reputation or Prior Conviction of Like Offense.** Until a defendant charged with illegal possession of whisky places his reputation in issue the state will not be permitted to show that the defendant had a bad reputation, or that he had been previously convicted of a like offense in another court.

3.  **Trial—Instruction on Conclusive and Prima Facie Evidence of Guilt, Held Erroneous, as Inconsistent.** The instruction quoted in the opinion, on conclusive and prima facie evidence, held erroneous.

Appeal from Muskogee County Court; Enloe V. Vernor, Judge.

Henry Jenkins was convicted of the unlawful possession of intoxicating liquor, and he appeals. Reversed and remanded.

M. D. Hartsell, for plaintiff in error.

The Attorney General and Baxter Taylor, Asst. Atty. Gen., for the State.

BESSEY, J. Harry Jenkins, plaintiff in error, for convenience here referred to as the defendant, was in the county court of Muskogee county found guilty of the illegal posses-

sion of certain spirituous liquor, with his punishment assessed at confinement in the county jail for a period of 30 days and to pay a fine of $50. From the judgment rendered on this verdict he appeals.

The evidence shows that certain peace officers, armed with a search warrant, went to the Midway rooming house in Muskogee, where they found a trunk containing men's and women's wearing apparel and 10 eight-ounce bottles of whisky wrapped in a compact package, in a sack. The defendant was not present at the time of the search, and no evidence appears connecting him with the possession of the trunk or the whisky, except that the woman who was occupying the room told the officers that she was Mrs. Jenkins, and that the trunk and the women's apparel belonged to her, and the men's apparel and the whisky belonged to her husband, the defendant.

At the trial the defendant objected to the introduction of this evidence so far as it related to what the woman said to the officers. The objection was by the court overruled. The ownership of the whisky and bottles could not have been established by the testimony of the woman, because our statutes, section 2699, Comp. Stat. 1921, make her incompetent to testify against her husband. The statements which she made to the officers, relative to the ownership of the whisky, were not admissible, being both incompetent and also hearsay testimony.

Jenkins himself testified that at this time he and his wife were separated, and that at and prior to this time he was working in the oil fields at Bristow and knew nothing about this whisky.

The record shows that Anna May Jenkins instituted proceedings to recover the trunk and wearing apparel therein from the sheriff, and that upon a hearing before the court, a jury having been waived, the court made the following order:

"It is therefore considered, ordered, and adjudged by the court that the said Anna May Jenkins do have and recover from the state of Oklahoma, the trunk and wearing apparel described in said interplea, and the sheriff of Muskogee county, Okla., is hereby ordered and directed to deliver possession thereof forthwith to the said Anna May Jenkins."

The state, over the objection of the defendant, was permitted in the introduction of its evidence in chief, to introduce a portion of a record in a criminal case in the United States court, showing that this defendant had been previously convicted in that court for selling one pint of whisky to John Russell. This was prejudicial error. A defendant, ordinarily, cannot be convicted by evidence showing that he has been previously convicted of the commission of a like crime, and the commission of another crime cannot be shown to impeach the general reputation of a defendant charged with a specific violation of the prohibitory law, until after the defendant himself voluntarily puts his reputation in issue. Lunceford v. State, 28 Okla. Cr. 120, 229 Pac. 304; Smart v. State, 27 Okla. Cr. 433, 228 Pac. 611, and cases there cited.

Instruction No. 2, given by the court, was as follows:

"In this connection you are hereby instructed that the law under which this prosecution is brought is, in part, as follows: 'It is hereby enacted, in order to suppress the unlawful practice of selling, bartering, giving away and otherwise furnishing liquors, the sale of which is prohibited by this act, from private residences, that it shall be unlawful for any person within this state to have or keep at, in or about his place of residence, at any one time, more than one gallon of spirituous, or one gallon of vinous (the provisions of this act shall not apply to that for sacramental purposes) liquor, or any imitation thereof, or substitute therefor, nor more than one cask of liquors or compounds of any kind or description whatsoever, whether medicated or not, which contain as much as one-half of one per centum of alcohol measured by volume,

and which is capable of being used as a beverage, except preparations compounded by any licensed pharmacist, the sale of which would not subject him to the payment of the special tax required by the laws of the United States.'

"Under this law the mere possession of an amount greater than that hereinbefore mentioned is in itself prima facie evidence of an intent to violate the law, and if you find beyond a reasonable doubt that the defendant did, as charged in the information, have in his possession more intoxicating liquors than is allowed by law, as hereinbefore mentioned, then and in that event you will find the defendant guilty as charged and so say by your verdict."

By this instruction the court told the jury that the mere possession of more than one gallon of liquor was sufficient to establish the guilt of the defendant. A like declaration was made in the last paragraph of the instruction. In another sentence the court said that possession of more than one gallon was prima facie evidence of guilt. These statements are inconsistent and cannot be reconciled. We assume that the court inadvertently attempted to follow section 6985, Comp. Stat. 1921, which has been superseded by section 6999, designed to correct unconstitutional features of the former section.

For these errors the cause is reversed and remanded.

MATSON, P. J., and DOYLE, J., concur.