## J. D. RICHARDSON v. STATE.

No. A-4621.    Opinion Filed Feb. 28, 1925.
(233 Pac. 508.)

(Syllabus.)

**Appeal and Error—Trial—Jury's Province to Pass Upon Weight and Sufficiency of Evidence—Verdict Sustained by Competent Evidence not Disturbed.** It is the province of the jury to pass upon the weight and sufficiency of the evidence, and, where there is competent evidence to sustain the verdict, it will not be disturbed by this court.

Appeal from County Court, Woods County; L. T. Wilson, Judge.

J. D. Richardson was convicted of possession of intoxicating liquor with intent to sell, and he appeals. Affirmed.

John Barry, for plaintiff in error.

J. Roy Orr, Asst. Atty. Gen., and George F. Short, Atty. Gen., for the State.

EDWARDS, J. On the 9th day of June, 1922, the

sheriff, with a search warrant, went to the place of residence of plaintiff in error and found two half-gallon fruit jars containing whisky, and a small quantity of red whisky in a bottle, a copper can, and pressure tank in the cellar near the house, and a copper coil in the yard outside. There was no evidence, however, of the use of these things. The plaintiff in error was not at home at the time of the search, and, while the sheriff was searching the cellar near the house, the wife of plaintiff in error was left at the house, and as the officers came out of the cellar she was outside going into the house, and a wet spot with freshly broken fruit jar bottles was then observed at the southeast corner of the house, which the officers examined and testified was made by corn whisky. She stated that she had spilled some gasoline there, and at the trial she testified to the same thing.

Prior to the enactment of the law of 1913 the mere possession of liquor was not sufficient to support a conviction of possession with intent to sell. McCarthy v. State, 6 Okla. Cr. 483, 119 P. 1020; Foreman v. State, 8 Okla. Cr. 480, 128 P. 1101. That act made possession of more than one gallon of whisky prima facie evidence of an intent to violate the prohibition law. Section 6999, Compiled Stats. 1921.

But, even with that enactment, the evidence of the possession of prohibited quantity does not necessarily prove guilt; it is merely prima facie evidence. Such evidence may be rebutted or the contrary shown, or without any evidence of explanation the jury may disbelieve the evidence of the state, or may have a reasonable doubt of the intent to violate, notwithstanding the proven possession. Beal v. State, 12 Okla. Cr. 157, 152 P. 808; Butler v. State, 12 Okla. Cr. 530, 159 P. 1090.

The matter of intent then, when coupled with possession, is largely a matter of fact to be determined by the jury,

and from the very nature of the thing intent is not susceptible of being proven by direct and positive evidence, but must be proven by circumstances. Just what circumstances would be sufficient in any case cannot be defined by any fixed rules. The surrounding circumstances, the quantity, the concealment, the action of the accused or his immediate family, the reasonableness or unreasonableness of the explanation, if any, all have evidentiary value. In the instant case we are not able to say that the verdict of the jury is not supported by the evidence, and it will not be disturbed by this court.

The case is affirmed.

BESSEY, P. J., and DOYLE, J., concur.