## WES COSBY v. STATE.

No. A-4772.    Opinion Filed May 29, 1925.
(236 Pac. 906.)

(Syllabus.)

1.  **Intoxicating Liquors—Evidence not Sustaining Conviction for Unlawful Possession.** In a prosecution for unlawful possession of intoxicating liquor, evidence held insufficient to sustain a conviction.

2.  **Same—Search of Private Residence Held Illegal.** Search of private residence not coming within exceptions in section 7013, C. S. 1921, was illegal.

3.  **Evidence—Evidence Obtained by Illegal Search of Accused's Residence Inadmissible.** Evidence obtained by a search of the defendant's residence, in violation of the constitutional protection against unreasonable search and seizure, is inadmissible against him.

Appeal from County Court, Ottawa County; Wm. M. Thomas, Judge.

Wes Cosby was convicted of unlawful possession of intoxicating liquor, and he appeals. Reversed.

See, also, 30 Okla. Cr. 294, 236 P. 51.

A. W. Turner, for plaintiff in error.

George F. Short, Atty. Gen., and Leon S. Hirsh, Asst. Atty. Gen., for the State.

DOYLE, J. The information in this case charged that in Ottawa county, March 29, 1923, the defendant, Wes Cosby, "did then and there have in his possession intoxicating liquors, to wit: Whisky, with the unlawful intent" to sell the same. On the trial the jury returned a verdict

finding him guilty and leaving his punishment to be fixed by the court. The court sentenced the defendant to be confined in the county jail for six months and to pay a fine of $500 and the costs. To reverse the judgment, defendant appeals.

The errors assigned relate to rulings of the court in the admission of evidence, and question the sufficiency of the evidence to sustain a conviction. The evidence shows that on the date alleged, about midnight, that the sheriff and two deputy sheriffs visited the home of the defendant under authority of a search warrant and searched the premises, finding a bottle partly filled with whisky. The evidence in the case was all admitted over the defendant's objection on the ground that the search was made under a void search warrant; the same having been issued to search a private residence without affidavit that the same was a place of public resort.

The affidavit for the search warrant recited:

"One 4-room residence owned and occupied by Wes Cosby, about three miles S. E. of Peoria, Okla., all of which is situated in the county of Ottawa, state of Oklahoma; said residence being used as a place of storage."

The testimony of the defendant in his own behalf is as follows:

"I am 65 years old, I came to Ottawa county in 1895, the officers came to my place about 11 o'clock at night and found a bottle of whisky that I had for my own use."

Eight witnesses testified that they had known the defendant from 15 to 20 years, and his general reputation in that community as to being a law-abiding citizen, and that it was good.

The doctrine is well settled in this state that evidence obtained in violation of the accused's constitutional protection against unreasonable search and seizure, under

Const, art. 2, § 30, guaranteeing the security of the people in their right to be exempted in their persons, houses, papers, and effects from unreasonable search or seizure, cannot be used as evidence against the defendant on trial. Duncan v. State, 11 Okla. Cr. 217, 144 P. 629; Gore v. State, 24 Okla. Cr. 394, 218 P. 545; Russell v. State, 25 Okla. Cr. 123, 221 P. 113.

Assuming that the testimony was admissible, there was no direct or presumptive evidence that the defendant intended to violate provisions of the prohibitory enforcement act.

In our opinion, the search and seizure detailed in the record was an unauthorized trespass, and the evidence was insufficient to sustain a conviction.

For the reasons indicated, the judgment is reversed.

BESSEY, P. J., and EDWARDS, J., concur.