## TOM McCLURE v. STATE.

No. A-5051.   Opinion Filed June 22, 1925.
(237 Pac. 145.)

Burns & Turner, for plaintiff in error.

The Attorney General, for the State.

DOYLE, J. The information in this case charged that the defendants Tom McClure and Mary McClure, in Ottawa county, July 21, 1923, did have in their possession intoxicating liquor, to wit, whisky, with unlawful intent to sell the same. On the trial the jury returned verdicts finding defendant Mary McClure not guilty, and finding the defendant Tom McClure guilty as charged in the information, and fixing his punishment at a fine of $300 and confinement for 6 months in the county jail. To reverse the judgment he appeals.

The evidence shows that N. D. Wolfe, Ed. Dobbins, and U. S. Jennings, deputy sheriffs, searched the residence of the defendant for intoxicating liquor, and found about one gallon of corn whisky. All the evidence for the state was admitted over the objections and exceptions by the defendant that the search warrant was unlawfully issued, in that the affidavit upon which the same was issued was never signed by the affiant, that it does not describe the particular premises to be searched, or the name of the occupant, and does not allege that the defendant's residence is a place of public resort.

The affidavit upon which the search warrant issued, introduced in evidence by the state, states:

"I, Nate Wolfe, do solemnly swear that there is probable cause for believing that liquors are being manufactured, sold, given away, and otherwise furnished in violation of the law, that liquors are being kept for the purpose of sale, barter, giving away and otherwise furnishing the same in violation of law, and that said liquors are being kept by John Doe, at Picher in one 4-room house located in Picher between 3rd and 4th Sts. on Columbus St. in Ottawa county, Oklahoma, in violation of law.

"Wherefore, affiant asked that a search warrant is-

sue for said property and that said John Doe be brought before the court and dealt with according to law.

"Subscribed and sworn to before me this 21st day of July, 1923.     Jeff Black,

"Justice of the Peace."

Nate Wolfe testified that he was in such a hurry that he forgot to sign the affidavit.

The defendant testified that he lived in Picher, Fourth and Columbus avenue, second house from the corner; had been a miner since he was 16 years old; for the last year regularly employed in the St. Louis mine; that 3 or 4 days before the officers searched his house he was in Joplin and bought a gallon of whisky from Lee McIntosh, who delivered the same at his home in a stone jug; that he had a bad lung, and had the whisky for his own use.

At the close of the evidence the defendant moved to advise the jury to return a verdict of acquittal, which motion was overruled. To reverse the judgment, defendant assigns as error the insufficiency of the affidavit upon which the search warrant was issued; the insufficiency and invalidity of the search warrant, from which it results that all the evidence offered by the state, tending to prove the guilt of the defendant was incompetent, because said evidence was obtained through an illegal search warrant.

It is the well-settled doctrine in this state that a search and seizure, forcibly made, under color of a void search warrant, is an "unreasonable search and seizure," within the meaning of section 30 of our Bill of Rights, which provides:

"The right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches or seizures shall not be violated; and no warrant shall issue but upon probable cause supported by oath or affirmation, describing as particularly as may be the place to be searched and the person or thing to be seized."

See Gore v. State, 24 Okla. Cr. 394, 218 P. 545.

The statute provides:

"No warrant shall be issued to search a private residence, occupied as such, unless it, or some part of it, is used as a store, shop, hotel, boarding house, or place for storage, or unless such residence is a place of public resort." Section 7013, C. S. 1921.

These provisions safeguard the citizen in his person, his home, and his property against unlawful and unreasonable search or seizure. Foreman v. State, 8 Okla. Cr. 480, 128 P. 1101; Duncan v. State, 11 Okla. Cr. 217, 144 P. 629; Russell v. State, 25 Okla. Cr. 423, 221 P. 113. Manifestly, the affidavit upon which the search warrant issued, even if the same was signed, does not meet the requirements of the constitutional provision and the statute above quoted.

It has been repeatedly decided by this court that evidence obtained by a search of the defendant's home, under a search warrant issued without authority of law, and for the sole purpose of obtaining evidence against him, in violation of section 30 of the Bill of Rights, is inadmissible against him. Said section of the Bill of Rights is a pledge of the faith of the state government that the people of the state, all alike, shall be secure in their persons, houses, papers, and effects against unreasonable search and seizure. This security has vanished, and the pledge is violated by the state that guarantees it, when officers, acting under color of state-given authority, make search and seizure unlawfully.

The defendant's conviction in this case, having no sufficient foundation to support it without the use of evidence which had been unlawfully obtained, must be reversed.

The judgment of the lower court is reversed, and case remanded, with direction to discharge the defendant.

BESSEY, P. J., and EDWARDS, J., concur.