## CHARLEY DIBRELL v. STATE.

No. A-5681.  Opinion Filed Feb. 16, 1927.
(253 Pac. 108.)

Bond & Bond, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

DOYLE, P. J.  On information charging that the defendant, Dibrell, on August 30, 1924, did unlawfully convey intoxicating liquor from a place unknown to his home on Willow street, between Eighth and Ninth streets in Duncan, Stephens county, he was tried and convicted and in accordance with the verdict of the jury was sentenced to pay a fine of $250 and to be confined in the county jail for 90 days.

To reverse the judgment appellant assigns as error the insufficiency of the affidavit upon which the search warrant was issued, and the invalidity of the search warrant under which all the evidence offered by the state was obtained by an illegal search and seizure.

The evidence shows that C. M. Coker, a deputy sheriff, S. G. Moore, a constable, and J. A. Jennings, night watch, visited the defendant's home in Duncan and by virtue of a search warrant searched the premises. Not finding the defendant at home, a copy of the warrant was posted on the front door. They found nothing, but before they left defendant drove up to his garage, and the officers searched his car.

Jennings, night watch, testified that he told the defendant they had a search warrant and directed him to unlock and open the turtle back end of the car; this the defendant did, and the officers found and took therefrom two 2-gallon jugs containing whisky.

All of the testimony was admitted against the defendant's objection on the ground that it was obtained through an illegal search warrant issued on an affidavit made on information and belief, that did not describe the residence of the defendant or that the same was a place of public resort.

The affidavit on which the search warrant was issued, omitting caption and jurat, reads as follows:

"I. B. Gossett, being duly sworn, says: That he has probable cause to believe, and does believe, that intoxicating liquors are being sold, bartered, given away or otherwise furnished, or are being kept for purposes of selling, bartering, giving away or otherwise furnishing, in violation of law, in a certain building in Stephens county, state of Oklahoma, at 806 Walnut avenue, now used and occupied by Charles Dibrell.
                                        "I. B. Gossett."

That affidavit does not set forth the facts on which the affiant, Gossett, bases his belief, nor facts sufficient to produce in the mind of the justice of the peace by whom the warrant was issued probable cause to believe that the defendant had intoxicating liquors in his possession, and does not describe the home of the defendant on Willow street as alleged in the information herein.

It is the well-settled doctrine in this state that a search and seizure, forcibly made, under color of a void search warrant, is an "unreasonable search and seizure," within the meaning of section 30 of our Bill of Rights, which provides:

"The right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches or seizures shall not be violated; and no warrant shall issue but upon probable cause supported by oath or affirmation, describing as particularly as may be the place to be searched and the person or thing to be seized."

See Gore v. State, 24 Okla. Cr. 394, 218 P. 545.

The statute provides:

"No warrant shall be issued to search a private residence, occupied as such, unless it, or some part of it, is used as a store, shop, hotel, boarding house, or place for storage, or unless such residence is a place of public resort." Section 7013, C. S. 1921.

These provisions safeguard the citizen in his person, his home, and his property against unlawful and unreasonable search or seizure. Foreman v. State, 8 Okla. Cr. 480, 128 P. 1101; Duncan v. State, 11 Okla. Cr. 217, 144 P. 629; Russell v. State, 25 Okla. Cr. 423, 221 P. 113; McClure v. State, 31 Okla. Cr. 60, 237 P. 145; Combest v. State, 32 Okla. Cr. 47, 239 P. 936.

Manifestly, the affidavit upon which the search

warrant issued does not meet the requirements of the constitutional provision and the statute above quoted.

It has been repeatedly decided by this court that evidence obtained by a search of the defendant's home, under a search warrant issued without authority of law, and for the sole purpose of obtaining evidence against him, in violation of section 30 of the Bill of Rights, is inadmissible against him. Said section of the Bill of Rights is a pledge of the faith of the state government that the people of the state, all alike, shall be secure in their persons, houses, papers, and effects against unreasonable search and seizure. This security has vanished and the pledge is violated by the state that guarantees it when officers, acting under color of state-given authority, search and seize unlawfully.

The defendant's conviction, having no sufficient foundation to support it without the use of evidence which had been unlawfully obtained, must be reversed.

The judgment appealed from is reversed and cause remanded, with direction to discharge the defendant.

EDWARDS and DAVENPORT, JJ., concur.