# C. L. ROSE v. STATE.

No. A-5723.   Opinion Filed March 26, 1927.
(254 Pac. 509.)

Mac Q. Williamson, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

DOYLE, P. J.   On an information charging that he did have in his possession about 3½ gallons of corn whisky, with the unlawful intent to sell the same, C. L. Rose was convicted and his punishment fixed at imprisonment in the county jail for 30 days and a fine

of $250. He has appealed from the judgment rendered upon such conviction.

The undisputed facts are that appellant, his wife and children, and his father and mother resided on his farm in the Crossroads community, about 7 miles northwest of Pauls Valley. On the afternoon of the day alleged the sheriff with four deputies visited his home and searched the place in the absence of appellant, and without his knowledge or consent, but in the presence of his wife and aged parents.

E. C. Parks, deputy sheriff, testified: That he stood on the front porch, knocked at the door; an old lady opened the door, and he asked her if the lady of the house was at home. About that time appellant's wife came to the door, and he told her they wanted to look the place over, and she said, "Come in." That Deputy Bridges followed him in, and the other three officers came in at the back door, and they searched the place. That he handed Mrs. Rose a paper which had the words "search warrant" printed on top of it, and of which he knew nothing further about. All the other deputies testified their complete ignorance of what the paper was, where it came from, or what it contained. The officers found a copper still and the alleged 3½ gallons of whisky in the search of the house.

The record shows that while the county attorney was making his opening statement counsel for appellant interposed an objection for the reason that said search, so far as the statement of the county attorney now shows, was illegal and without authority of law, and the same was an invasion of the constitutional and statutory rights of the defendant. Whereupon the county attorney stated that the evidence would show that Mrs. Rose told them to come in, and further said: "I think I prop-

erly predicated the introduction of my evidence by my statement that the officers were invited into his home."

At the close of the state's evidence there was a motion by counsel for appellant for a directed verdict of acquittal on the ground that all the evidence offered in the case was obtained by an illegal invasion of the defendant's constitutional and statutory rights, made in his absence and without his knowledge or consent, which motion was overruled.

In the case of Carignano v. State, 31 Okla. Cr. 228, 238 P. 507, it was held:

"The constitutional rights of a person to be secure against unreasonable searches and seizures and self-crimination were not waived when his wife in his absence failed to object to officers making a search of his premises under authority of an illegal search warrant."

The admitted acts of the officers show that they acted without authority of law, and that all the state's evidence was procured by an invasion of rights guaranteed by section 30 of the Bill of Rights, and that the same was admitted over the defendant's objections, in violation of section 21 of the Bill of Rights.

It is the well-settled doctrine in this state that evidence obtained by officers of the court by an illegal search and seizure is inadmissible.

It appears that the court gave the following instruction:

"4. You are instructed further that the keeping in excess of one quart of any spirituous, vinous, fermented or malt liquor, or any imitation thereof, or substitute therefor, shall be prima facie evidence of an intention to convey, sell, or otherwise dispose of such liquor, and it is not incumbent upon the state to prove by other evidence the intent of the defendant to convey, sell, or otherwise dispose of such liquors." (Exception allowed. J. D. Cofield, Judge.)

Manifestly, the giving of this instruction against the defendant's objection was prejudicial error. With what intent a person keeps intoxicating liquors is always a question of fact for the jury, to be determined upon a consideration of the evidence. In the determination of that question they are required by the statute (section 6999, C. S. 1921 [Laws 1923-24, c. 123]), to consider the keeping of a certain amount of intoxicating liquors as prima facie evidence of an unlawful intent. But that evidence may be rebutted by other evidence in the case, whether shown by evidence on the part of the defense, or by the state in connection with the evidence proving the possession. With such evidence, the jury must also take into consideration the presumption of the innocence of the accused until the contrary is proved beyond a reasonable doubt. It does not change the rule in all criminal cases that:

"Before a conviction can be had the jury must be satisfied from the evidence beyond a reasonable doubt of the affirmative of the issue presented in the accusation that the defendant is guilty in the manner and form as charged in the indictment or information." Caffee v. State, 11 Okla. Cr. 485, 148 P. 680; Whitehead v. State, 28 Okla. Cr. 193, 230 P. 291; Jenkins v. State, 28 Okla. Cr. 249, 230 P. 293; Roberts v. State, 29 Okla. Cr. 147, 232 P. 861; Richardson v. State, 29 Okla. Cr. 286, 233 P. 508.

Obviously, the concluding clause of this instruction places the burden of proof upon the defendant.

Other errors are assigned and argued, but we find nothing in the record requiring further discussion.

For the reasons stated, the judgment of the lower court is reversed.

EDWARDS and DAVENPORT, JJ., concur.