## H. A. DORSEY v. STATE.

No. A-6598.   Opinion Filed July 20, 1929.
(279 Pac. 917.)

8

Mac Q. Williamson, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

DAVENPORT, J. The plaintiff in error, hereinafter called the defendant, was convicted in the county court of Garvin county of possession of intoxicating liquor with the unlawful and willful intent to barter, sell, give away or otherwise furnish the same to others, and his punish-

ment fixed at imprisonment in the county jail for 30 days and to pay a fine of $50. The record was perfected, and the case appealed to this court.

The state called as witnesses in this case R. D. Blanton, E. C. Park, and J. R. Law, who testified they went to the place where the defendant and another man were living, and in the chicken yard they found about two gallons and a half of corn whisky; they had no warrant for the arrest of the defendant or to search the premises. On cross-examination the state witnesses testified this other man had been living in and occupying a part of the house and premises for several days prior to the day of the search; they did not see either the defendant or the other man living on the premises with his family in possession of this whisky, and stated they usually arrested the man that was the owner of the property. One of the state witnesses, Mr. R. D. Blanton, testified that he understood the place belonged to the defendant, and that was all he knew about the ownership.

The defendant testified in his own behalf that he and Wesley Bird were occupying the improvements and buildings; that Bird had a wife, and had started in to make a crop on the place; the defendant denied any knowledge of the whisky, and denied any knowledge of the whisky being where it was found by the officers, and stated he had lived in Garvin county 20 years, had never been arrested before this charge, had never paid a fine, and had never been a witness in court, and had only served on the jury one time.

Several pages of the record are taken up with questions and answers which are not material to the charge in this case; the charge in this case being possession with the unlawful and willful intent to barter, sell, give away,

or otherwise furnish to other persons to the informant unknown.

Several errors are assigned by the defendant as grounds for reversal of this case: First, the court erred in overruling motion of plaintiff in error for a new trial; second, the court erred in sustaining the objection of the state to the question propounded by counsel for defense inquiring whether certain raiding officers had a search warrant for the premises of the defendant; and, fourth, the court erred in giving the following instruction to the jury over the defendant's objection thereto:

"You are further instructed that the keeping in excess of more than one quart of any spirituous, vinous, fermented or malt liquor, or imitation thereof or substitute therefor, is prima facie evidence of an intent to convey, sell, or otherwise dispose of the same; that is, so that there is a presumption of guilt, but that it can be overcome by the defendant by proof that he did have lawful possession."

A careful examination of the record fails to disclose that defendant had in his possession the whisky alleged to have been found by the officers under the chicken coops on the premises occupied by the defendant and Wesley Bird. There is no testimony showing who was the owner of the whisky or who was in possession of it. The premises, as shown by the uncontradicted proof, were occupied by the defendant and Wesley Bird and family jointly, and from the proof in this case the presumption is as strong against Wesley Bird, who jointly occupied the premises with the defendant, as against the defendant in this case.

In view of the fact that the defendant took the stand and denied any knowledge of the whisky being where it was found, denied any ownership in it, and stated he

had never been charged with an offense before, had never been arrested, and had never been a witness in court, only having served once on the jury, where premises are occupied by two families jointly, the proof should be sufficient to show that the party charged with the possession had exercised some control over the whisky before the jury would be warranted in finding a verdict against the defendant.

It is further urged by the defendant in his fourth assignment of error that the instruction was misleading, and placed the responsibility and burden upon the defendant to clear himself by the introduction of affirmative proof. It is further urged by the defendant that under this instruction the presumption would be unqualified, in the absence of a showing that he did not have lawful possession.

In Rose v. State, 36 Okla. Cr. 333, 254 Pac. 509, 510, this court, in considering an instruction similar to this, said:

"With what intent a person keeps intoxicating liquors is always a question of fact for the jury, to be determined upon a consideration of the evidence. In the determination of that question they are required by the Statute (Section 6999, C. S. 1921 * * *) to consider the keeping of a certain amount of intoxicating liquors as prima facie evidence of an unlawful intent. But that evidence may be rebutted by other evidence in the case, whether shown by evidence on the part of the defense, or by the State in connection with the evidence proving the possession. With such evidence, the jury must also take into consideration the presumption of the innocence of the accused until the contrary is proved beyond a reasonable doubt."

12

The court, in giving the instruction complained of by the defendant, placed the burden upon the defendant, and required the defendant to show by proof that he did have lawful possession of the whisky. In this case the possession of the whisky is a disputed fact; the defendant denying that he had possession or any knowledge that the whisky was on the premises.

We hold that the instructions complained of did not correctly state the law, and the giving of the same over the objection of the defendant was prejudicial error. With what intent a person keeps intoxicating liquor is always a question for the jury, to be determined upon a consideration of the evidence. In the determination of that question, the jury is required by the statute to consider the keeping of a certain amount of intoxicating liquor as prima facie evidence of an unlawful intent, but that evidence may be rebutted by other evidence in the case, whether shown by evidence on the part of the defense or by the state in connection with the evidence proving the possession. In connection with such evidence, the jury must also take into consideration the presumption of the innocence of the accused until the contrary is proven beyond a reasonable doubt. It does not change the rule in criminal cases that "before a conviction can be had the jury must be satisfied from the evidence beyond a reasonable doubt of the affirmative of the issue presented in the accusation that the defendant is guilty in the manner and form as charged in the indictment or information." Whitehead v. State, 28 Okla. Cr. 193, 230 Pac. 291; Jenkins v. State, 28 Okla. Cr. 249, 230 Pac. 293; Richardson v. State, 29 Okla. Cr. 286, 233 Pac. 508.

The last part of the instructions complained of placed the burden of proof upon the defendant.

Other errors are assigned, but, for the reasons stated herein, the judgment of the lower court is reversed.

EDWARDS, P. J., and CHAPPELL, J., concur.