## FLOYD BURNETT v. STATE.

No. A.-8713.   June 28, 1934.
(34 Pac. [2d] 285.)

Walter Mathews, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen. (Hester Atherton Gifford, of counsel), for the State.

DAVENPORT, J.   The plaintiff in error, hereinafter referred to as the defendant, was convicted of keeping and maintaining a place where whisky, wine, beer, and other intoxicating liquor used as beverages were kept for the

purpose of bartering, selling, giving away, and otherwise furnishing to others, and was sentenced to pay a fine of $50 and be imprisoned in the county jail for a period of 30 days.

The testimony on behalf of the state shows that the officers went to defendant's home with a search warrant and searched his residence and found two pints and two half-pints of whisky. The defendant testifying in his own behalf denied he had any whisky at his place for the purpose of bartering, selling, giving away, or otherwise furnishing to others. Defendant admitted he had a small quantity of whisky, but testified it was for his own use; that he occasionally took a drink.

The defendant in his assignment of errors states the court erred in overruling his demurrer to the information; the court erred in overruling his motion for a new trial; the court erred in giving to the jury instruction No. 8. The only error discussed by the defendant in his brief is that the court erred in giving instruction No. 8, which instruction is as follows:

"You are further instructed that the having and keeping in excess of one quart of any spirituous, vinous, fermented or malt liquors shall be deemed prima facie evidence of an intention to convey, sell, or otherwise dispose of said liquor, and you are also instructed that if you should find beyond a reasonable doubt that on or about the 16th day of August, 1933, that the defendant Floyd Burnett had in excess of one quart of spirituous, vinous, fermented or malt liquors, that the possession of such liquor, would be sufficient to establish an unlawful intent, unless rebutted or the contrary proved, yet it does not make it obligatory upon you to convict after the presentation of such proof, but such evidence is competent and sufficient to justify you finding the defendant guilty, provided you are satisfied from all the evidence that the defendant is guilty, beyond a reasonable doubt."

The defendant urges that the court should have instructed the jury under section 6985, C. O. S. 1921 (O. S. 1931, § 2625), which makes it a penalty to have or keep, at, in, or about his place of residence at any time, more than one gallon of spirituous or one gallon of vinous liquors.

In Ex parte Wilson, 6 Okla. Cr. 451, 109 Pac. 596, this court held section 6985 unconstitutional.

In Jenkins v. State, 28 Okla. Cr. 249, 230 Pac. 293, this court expressly states that section 6985, supra, was superseded by section 6999, C. O. S. 1921, as amended by chapter 123 of the Session Laws of 1923-24, which makes the keeping of more than one quart of intoxicating liquor at one's private residence prima facie evidence of the unlawful intent to sell or otherwise dispose of the same.

Section 6999, C. O. S. 1921, as amended, is now section 2626, O. S. 1931, which section has since been amended by chapter 153, Session Laws 1933 (section 3.)

Considering the instruction complained of in connection with the other instructions given by the court, they correctly state the law applicable to the facts in this case. There is no error in the record.

The judgment of the trial court is affirmed.

EDWARDS, P. J., and CHAPPELL, J., concur.