## CHARLES GATEWOOD v. STATE.

No. A-8853.   June 21, 1935.
(46 Pac. [2d] 962.)

Kenneth Reed and J. W. Colley, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Jess L. Pullen, Asst. Atty. Gen., for the State.

DAVENPORT, P. J. The plaintiff in error, hereinafter referred to as the defendant, was charged with the crime of possession of intoxicating liquors, waived a jury and was tried by the court, found guilty and sentenced to be confined in the county jail for sixty days, and to pay a fine of $200 and costs.

The testimony on behalf of the state shows the officers went to the home of the defendant about 10 o'clock p. m. The defendant was sleeping on the porch and his wife in their home. The first thing defendant knew he was aroused and one of the officers was sitting on the porch near where he was sleeping.

Section 2639, O. S. 1931, provides:

"No warrant shall be issued to search a private residence, occupied as such, unless it, or some part of it, is used as a store, shop, hotel, boarding house, or place for storage, or unless such residence is a place of public resort."

The search of a private residence without complying with the provisions of the statute, supra, is illegal. Cosby v. State, 30 Okla. Cr. 405, 236 Pac. 906; McClure v. State, 31 Okla. Cr. 60, 237 Pac. 145; Dibrell v. State, 36 Okla. Cr. 177, 253 Pac. 108.

The officers admit they went to defendant's home for the purpose of searching for whisky; they had no search warrant, and no sworn complaint had been filed for a search warrant. They admit they drove into the drive-

way at defendant's home, got out of the car going around to the porch, one officer getting on the porch. They tried to justify their action by saying they holloed and some one inside the house said to go around to the porch, and when they went around the house they found the defendant sleeping on the porch.

A motion was made to suppress the testimony on the ground that it was secured by an illegal search of the curtilage and home of the defendant. This question has been before this court so often that it seems useless to even mention the fact that the statute requires an affidavit to be made showing that the defendant's home or some part of it was used as a store, boarding house, or place of public resort before the officers have authority to issue a search warrant.

In this instance it is not contended any effort was made to secure a search warrant. Under the testimony in this case from the moment the officers entered the driveway on the curtilage of the defendant until the moment they left they were trespassers committing an unlawful act that ought to be condemned by all law-abiding citizens of the country. Their actions are not justified under the law and such conduct as they were guilty of at defendant's home is what often brings on serious difficulties. Officers of the law have no right to violate the law in order to try to secure evidence against a man who may be violating the law. The defendant in this case may be guilty of having possession of intoxicating liquors, and of a greater amount than he was entitled to have under the law, but before the sacred rights of his domicile can be violated by officers of the law there are certain requirements of the law that must be complied with and followed.

The motion of the defendant to suppress the evidence was well taken and should have been sustained. There being no competent evidence, the judgment is reversed with directions to the lower court to dismiss the case.

DOYLE, J., concurs. EDWARDS, J., not participating.