ERVIN WEAVER v. STATE.

No. A-9909.   Jan. 28, 1942.

(121 P. 2d 1016.)

Dwight Malcolm, of Lawton, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and J. Walker Field, Asst. Atty. Gen., for defendant in error.

JONES, J. The defendant, Ervin Weaver, was charged by information filed in the county court of Comanche county on February 23, 1940, with the unlawful possession of intoxicating liquor, was tried, convicted, and sentenced to serve a term of 30 days in the county jail and to pay a fine of $100, from which judgment and sentence he appeals to this court.

For reversal of this case, counsel for defendant urges two contentions in his brief:

(1) That the court erred in receiving hearsay testimony.

(2) The evidence is insufficient to support the conviction.

The officers had two search warrants for certain rooms situated at 307½ D avenue, a rooming house at Lawton. One of the search warrants named the defendant and the search was directed to three rooms. The search warrant in controversy was a John Doe search warrant for room No. 10. When the officers went to search this room, the door was open and no one was there. The closet was locked, and the officers opened it by removing its door from the hinges. They found 16 one-half pints, 30 pints, and 3 quarts of whisky.

The first assignment of error is that the court erred in allowing the chief of police to testify over the objection of the defendant that he learned that accused had control of the closet from statements made to him by defendant's stepson and defendant's wife, not in the presence of the defendant.

The defendant's contention in this regard is correct. This evidence was hearsay and inadmissible. As to whether it was of such nature as to prejudice the defendant must be determined from an examination of the other

evidence which was introduced in addition to the hearsay statement. In determining this question it must be borne in mind that this case was tried before the county judge without the intervention of a jury.

In addition to the hearsay statement above mentioned, the state showed that the defendant had possession of the rooming house in question; that room No. 10 was not rented to any one at the time the whisky was found there; that the officers had raided the premises at 307½ D avenue previously, and had found the defendant in control, and that whisky was frequently found there. That the reputation of the place as being a place where whisky was kept was bad.

Defendant testified in his own behalf that he had lived at 305½ D Avenue from February 7, 1940, to March 10, 1940, while he was having a disagreement with his wife, who continued to live at 307½ D Avenue; that on February 15, 1940, when the whisky was found in room No. 10 at 307½ D Avenue, he had no control over the room and no knowledge of the liquor; but defendant admitted he paid the rent on the premises.

Two witnesses for defendant testified that he lived at 305½ D Avenue in February.

John Carlisle, a witness for defendant, stated that he was in the real estate business and had gone to see defendant at 305½ D Avenue during this time; that this place belonged to defendant's son, who was in California; that defendant had listed 307½ D Avenue for sale with witness, and that the listing was not withdrawn during February and March.

This proof of the defendant corroborated the evidence of the state that defendant was still exercising control of the premises in question, even though he had tempor-

arily moved next door after having a quarrel with his wife.

As heretofore stated, the testimony of the officer as to the facts he had learned from defendant's stepson and defendant's wife was inadmissible As to the stepson, it was hearsay; and as to defendant's wife, it was inadmissible both because it was hearsay and because she was not a competent witness against her husband. Combest v. State, 51 Okla. Cr. 38, 299 P. 920; Jenkins v. State, 28 Okla. Cr. 249, 230 P. 293.

We do not think this error of the trial court is prejudicial to defendant under the facts and circumstances of the case, since it was tried before the court without a jury and there was sufficient evidence offered by the state to connect defendant with possession of the whisky without resort to inadmissible statements. Such testimony offered to a jury might be a contributing factor to a verdict of guilty; however, in this case we are of the opinion that the error was harmless.

The case is accordingly affirmed.

BAREFOOT, P. J., and DOYLE, J., concur.