## F. E. MATER v. STATE.

No. A-1543.   Opinion Filed March 19, 1913.

(132 Pac. 383.)

1. **INTOXICATING LIQUORS—Unlawful Possession—Sufficiency of Evidence.** For evidence held to be insufficient to sustain a conviction for having possession of intoxicating liquors with intent to sell the same, see opinion.

2. **SAME—Offenses—Burden of Proof.** In a prosecution for having possession of intoxicating liquors with intent to sell same, the burden was on the state to prove that the place where the liquor was found was in defendant's possession or under his control, or that the intoxicating liquor was his, or that he had possession of same either as owner or employee.

(Syllabus by the Court.)

*Appeal from Superior Court of Logan County;*
*S. S. Lawrence, Judge.*

F. E. Mater was convicted of violating the prohibitory law, and appeals. Reversed.

*H. C. Olds,* for appellant.

*Smith C. Matson* and *E. G. Spillman,* Asst. Attys. Gen., for the State.

FURMAN, J. Appellant, F. E. Mater, was tried and convicted at the July, 1911, term of the superior court of Logan county on a charge of having the unlawful possession of intoxicating liquor with intent to sell the same, and his punishment fixed at a fine of $500 and imprisonment in the county jail for the period of 60 days.

The proof in this case shows that the appellant had a barber shop in a certain building in Guthrie. That some one also had a restaurant in the same building. That there was a side entrance into the restaurant on one street and a front entrance on another street into the barber shop. A raid was made on this restaurant and a number of persons found in the place, among them the appellant. There is no proof that the restaurant, fixtures, and intoxicating liquors, or any or all of them, were the property of the appellant, or claimed by him in any way, or that he was in any way concerned in running the restaurant, fixtures, and intoxicating liquors, or any or all of them, were the property of the appellant, or claimed by him in any way, or that he was in any way concerned in running the restaurant. There is no proof that the place operated as a restaurant was rented by him or under his control or supervision. In our judgment, the proof is wholly insufficient to sustain the conviction.

The state should have proved that the place was in the possession of or under the control of the appellant, or that the intoxicating liquor was his, or that he had possession of the same either as owner or employee, neither of which was done. There is no proof that the appellant had ever received shipments of whisky at this place or elsewhere, nor that he had paid the special government tax and secured a government license, or had at any other time been engaged in the illegal sale of intoxicating liquor, or was in any manner connected with the

liquor found. The proof is wholly insufficient in our judgment to support the conviction.

The judgment is reversed, and the cause remanded, with direction to grant a new trial.

ARMSTRONG, P. J., and DOYLE, J., concur.