## DUD MOORE v. STATE.

No. A-2404. Opinion Filed June 18, 1917.

(165 Pac. 620.)

INTOXICATING LIQUORS — Possession With Intent to Sell — Sufficiency of Evidence. For evidence held to be insufficient to sustain a conviction for having possession of intoxicating liquors with intent to sell the same, see opinion.

*Appeal from County Court, Tulsa County;*
*Conn Linn, Judge.*

Dud Moore, convicted of a violation of the prohibitory law, appeals. Reversed.

*George T. Brown,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *R. McMillan,* Asst. Atty. Gen., for the State.

PER CURIAM. The plaintiff in error, Dud Moore, and Arthur Clark were jointly charged and tried upon an information charging that they did have possession of

certain intoxicating liquors with intent to sell the same. At the close of the state's case, both defendants moved the court to instruct the jury to return a verdict of not guilty, for the reason that the testimony introduced was insufficient to show that the defendants or either of them were guilty as charged. The motion was sustained as to the defendant Arthur Clark, and he was discharged; as to plaintiff in error the motion was overruled, and the jury found him guilty and fixed his punishment at a fine of $250 and 90 days' confinement in the county jail. A motion for new trial was filed and overruled. From the judgment rendered in pursuance of the verdict, an appeal was perfected.

The only serious question in the case is: Does the evidence authorize a conviction? The state introduced four witnesses. W. M. McCullough, sheriff, and Frank Bowlin, his deputy, testified that they searched the premises, upstairs on Third street, in the city of Tulsa, known as the "Stag," and there found a quart bottle of whisky, three bottles partly full of whisky, three quarts of gin, and two dozen bottles of tonine. They described the place as containing a bar or lunch counter, an ice box and cooking stove in the rear, also a pool table; testifying that there were cigars and a lunch outfit; that at the time they found three or four white men and two negroes in the room, and the negroes were eating breakfast; that at the time of the raid the plaintiff in error had been in custody of the sheriff for more than a month as a prisoner in the county jail, serving a sentence for gambling; that the warrant issued on the information in this case was served on the plaintiff in error in the county jail, and he was released about a month later.

G. T. Williamson testified that he owned a one-fourth interest in the building known as the "Stag"; that Dud Moore and Bob Allison had a written lease the year before, and he supposed they occupied the premises; that he had no contract with Dud Moore for the occupancy of the premises; that the rent was paid by various persons; that Dud Moore did not pay him any rent in July and he did not know whether he paid the rent for the month of August, during which month the raid was made upon which this prosecution is based; that he did not know the whereabouts of Dud Moore for the months of July, August, and September, during which time the evidence shows the defendant was a prisoner in the county jail.

W. G. Williamson testified that he owned a one-half interest in the building known as the "Stag"; that under the written lease it was rented to Billy Miles, and after the expiration of that lease he never collected the rent. This was all the evidence in the case.

We do not think the evidence is sufficient to show that plaintiff in error did have possession of the liquors in question. He is charged with doing an act which as a prisoner in the county jail at the time he could not do except through others. It appears that the information in this case was filed the day the raid was made, but for some reason not apparent, the names of the parties present when the raid was made were not indorsed upon the information as witnesses. In order to make a *prima facie* case, it was necessary for the state to show that the plaintiff in error had some interest in the place raided, and had knowledge of the fact that the intoxicating liquors seized had been placed there. The general rule is that all the averments necessary to constitute the offense charged must be proved.

In *Mater v. State,* 9 Okla. Cr. 380, 132 Pac. 383, it is said:

"In a prosecution for having possession of intoxicating liquors with intent to sell same, the burden was on the state to prove that the place where the liquor was found was in defendant's possession or under his control, or that the intoxicating liquor was his, or that he had possession of same either as owner or employee."

Because the evidence, as a matter of law, is insufficient to sustain the verdict, the judgment is reversed.