## WESLEY DAVIS et al. v. STATE.

No. A-6039.  Opinion Filed March 28, 1928.
(265 Pac. 651.)

Thos. Norman, for plaintiffs in error.

Edwin Dabney, Atty Gen., for the State.

DAVENPORT, J. The plaintiffs in error Wesley Davis and A. A. Davis, hereinafter called the defendants, were convicted, and, in accordance with the verdict of the jury, were each sentenced to pay a fine of $500 and cost, and to be confined in the county jail for six months, on an information charging that they had in their possession certain spirituous liquors, vinous liquors, fermented liquors, and intoxicating liquors, to wit, one pint corn whisky, with the unlawful intent then and there on the part of them, the said Wesley Davis and A. A. Davis, of selling, bartering, giving away, and otherwise furnishing the same. To reverse the judgment defendants appeal and assign as errors certain rulings of the court in admitting incompetent evidence; the verdict is contrary to law, and is not sustained by the evidence; court erred in overruling defendants' motion for a new trial.

It appears from the evidence that the defendants lived out a short distance from Ardmore, and that on the evening of the alleged offense Carl Holden and W. C. Keirsey, deputy sheriffs, went to the home of the defendants, and when they drove up to the home there were some cars out in front of the house; the deputy sheriffs stated they came up to about 60 or 75 yards of the house and saw A. A. Davis go south across the prairie to a little creek; that he was gone a short while and came back; the moon was kindly shining; that when they saw A. A. Davis coming back to the car they moved up closer, and when they rushed up to the car the young man broke a pint of whisky on the car; there were other parties at the cars out in front of the house, Dan Nall, Harris Powell, a man by the name of Wells, and Dan Miller. The witness stated that the whisky broken was corn whisky. The witness testified that the defendant Wesley Davis had a pitcher of ice water, and that he went to the car where they claimed the other defendant broke the pint of whisky. This is in substance the testimony on behalf of the state.

Dan Nall and Alec Powell were called as witnesses on behalf of the defendants and testified they were at the home of the defendants the evening the officers came there, and that Dan Miller's car and the cars in which the witnesses had gone there were stopped in front of the gate; that the defendants were talking, and that one of the witnesses wanted water, and Wesley Davis went in to get some water and came out with some ice water and a glass in his hands, and about that time the officers rushed up with their flash lights and arrested the parties; each of the witnesses testifying they did not see any whisky there that evening, did not hear any bottle broken, nor did they smell any whisky, and that one of the officers told them they were being arrested for loitering. Both defendants took the witness stand in their own behalf and recited the incident of the different parties coming to their home; each denying that he had any whisky there on that occasion, or knew anything about there being any whisky there; they did not smell any whisky; and defendant A. A. Davis specially denied that he broke a bottle of whisky on the car of Dan Miller. Wesley Davis testified that, when they took the parties in custody and told them they had to come to town with them, he went behind his house and waited until they had left with the parties they had arrested and then went in his house and went to bed, and next morning got up and went into town and made his bond. This in substance is the testimony in behalf of the defendants.

It has been a universal holding of this court that, where there is any credible evidence though conflicting to justify the jury in rendering a verdict of guilty, it would not disturb the verdict; but, where there is no competent evidence to sustain the verdict, the court has repeatedly held that it was error for the court to sustain a verdict and impose a sentence upon the defendants.

The quantity of whisky alleged to have been found in

this case is not sufficient to make it prima facie evidence of intent to sell against the defendant A. A. Davis. There is no testimony whatever that Wesley Davis had possession of any whisky, or that he knew the other defendant had possession of any. To justify or sustain a conviction of having possession of intoxicating liquor with intent to violate any provision of the prohibitory liquor law, there must be evidence sufficient, not only to prove possession, but also to prove criminal intent. When the verdict is manifestly contrary to the evidence, or a conviction is based on entirely insufficient evidence, the judgment or conviction will be reversed.

After a careful examination of the record, we hold the testimony is insufficient to sustain a conviction. For the errors indicated, the judgment of the lower court is reversed.

DOYLE, P. J., concurs.

EDWARDS, J., not participating.