FRANK BLUMHOFF and HENRY BLUMHOFF v. STATE.

No. A-1999.   Opinion Filed June 22, 1914.

Appeal from County Court, Stephens County;

J. W. Marshall, Judge.

Frank Blumhoff and Henry Blumhoff were convicted of a violation of the prohibitory law, and appeal. Reversed.

Burns & Sandlin, for plaintiff in error.

Chas. West, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State

PER CURIAM. Plaintiffs in error were tried and convicted on an information jointly charging that Frank Blumhoff and Henry Blumhoff did unlawfully have in their possession intoxicating liquors for the purpose of selling the same. Frank Blumhoff's punishment was fixed at a fine of fifty dollars and confinement in the county jail for thirty days, and Henry Blumhoff's was fixed at a fine of one hundred dollars and

confinement in the county jail for ninety days. They were duly sentenced in accordance with the verdict and from that judgment have appealed to this court. The death of plaintiff in error Frank Blumhoff having been suggested, the proceedings abate as to him.

The evidence shows that Frank Blumhoff and Henry Blumhoff, father and son respectively, lived in the city of Marlow, and Frank Blumhoff conducted a livery and feed barn in the city; that on the date alleged, the city marshal, the sheriff, and two deputy sheriffs went with T. E. Lilly, who claimed to be a deputy U. S. marshal, to the home of Frank Blumhoff, and searched the house and found a case of whisky under a bed and a half case in a trunk. They had no search warrant. Brice Emmons, deputy sheriff, testified that they made the raid because several persons informed the officers, ''that they thought Mr. Blumhoff was handling whisky.'' One witness testified that at one time he gave Frank Blumhoff a dollar and went into his barn and found a pint of whisky in a cart. Another witness testified that the day before Christmas he asked Frank Blumhoff at his barn for some whisky and he said that he would have a man put the whisky in a box; that witness went to the box and got a quart of whisky and left two dollars.

Over the objections of the defendants, witnesses for the state were asked if they knew the reputation of the barn as a place where whisky was kept for the purpose of violating the law. Four or five of the state's witness answered yes, and that it was generally considered as a place where whisky was used and probably sold. When the state rested, counsel for the defendant, Henry Blumhoff, requested the court to instruct the jury to find said Henry Blumhoff not guilty. The motion was overruled.

Of the various assignments of error it is sufficient for the determination of this appeal to notice only the one: ''That the court erred in permitting the state to prove the reputation of the barn conducted by Frank Blumhoff, and in permitting several witnesses to testify that they had suspicions and information that illegal sales of liquor were being made at the barn of Frank Blumhoff, and in allowing such testimony to go to the jury against the defendant Henry Blumhoff.''

Upon the authority of Thompson v. the State, 9 Okla. Cr. 525, 132 Pac. 695, the evidence of the general reputation of the defendant Frank Blumhoff's barn was incompetent and not admissable. There was no liquor found at the barn. The liquor seized was found at the home of Frank Blumhoff. We think the court also erred in permitting evidence of sales made by Frank Blumhoff to be taken and considered as against Henry Blumhoff. There are other errors complained of which are sufficient to justify a reversal of this case, but no useful purpose would be served in considering the same. For the reasons stated the judgment as to Henry Blumhoff is reversed.