FRED CAMERON *et al.,* v. STATE.

No. A-2733.    Opinion Filed July 28, 1917.

Rehearing Denied September 25, 1917.

(167 Pac. 339.)

1. **INTOXICATING LIQUORS—Nuisance—Sufficiency of Evidence.**
Evidence examined, and held sufficient to sustain a judgment of
conviction for maintaining a liquor nuisance.

2. **EVIDENCE—Reputation—Liquor Nuisance.** Where defendants
are charged with maintaining a liquor nuisance, evidence of the
general reputation of the place, as to its being a place where in-
toxicating liquors were kept for sale, and where people congre-
gated to drink the same, is admissible.

3. **INTOXICATING LIQUORS—Liquor Nuisance—Evidence.** For
other evidence held properly admitted, see body of opinion.

*Appeal from County Court, Oklahoma County;*

*Wm. H. Zwick, Judge.*

Fred Cameron and others were convicted of main-
taining a liquor nuisance, and appeal. Judgment as to
each affirmed.

*Ledrue Guthrie,* for plaintiffs in error.

*S. P. Freeling,* Atty. Gen., and *R. McMillan,* Asst.
Atty. Gen., for the State.

MATSON, J. · Plaintiffs in error were convicted in
the county court of Oklahoma county for unlawfully main-
taining at No. 203½ North Broadway, in Oklahoma City,
Okla., a public nuisance, in that said building, while
under the control and in the possession of said plaintiffs

in error, was a place where intoxicating liquors were kept for sale, and where people congregated for the purpose of drinking the same. Cameron and Pence were sentenced by the court to serve a term of imprisonment of six months each in the county jail, and to pay a fine of $500 each. Wilson was sentenced to 30 days' imprisonment and to pay a fine of $50. The evidence in the case discloses a state of facts which shows that the defendants Cameron and Pence were the owners of the business, and that Wilson aided and abetted in the conduct of the same, although not having any financial interest in the business.

It is contended that the evidence is insufficient to sustain the verdict. With this contention this court cannot agree; the evidence in effect establishing the following: That the place at No. 203½ North Broadway, Oklahoma City, during the period beginning about the 1st day of July, 1915, and extending to November, 1915, was a place where intoxicating liquors were kept for the purpose of barter and sale, and where divers persons visited and congregated for the purpose of drinking the same; that the said defendants were occupying and in control of these premises during that period of time; that the place was fitted up with an improvised bar in the rear of the building, and in the front was a pool table and card table; that frequent raids were made by the police officers of Oklahoma City upon the said premises during that period of time; that the odor of whisky was very pronounced in said premises at all the times that these raids were made; that empty whisky bottles were found concealed upon the premises, and upon one occasion the defendant Wilson was caught in the act of emptying whisky into the sewer on said premises; that divers persons other than the defendants were in and upon the premises at various times

these raids were made, and were met upon the stairway coming out of the premises with the odor of whisky upon their breaths; that people were seen to come from the premises in an apparent state of intoxication; that a lookout was stationed at the head of the stairs leading into the premises, and that these various defendants at different times were acting in the capacity of a lookout; that a system of code signals was used, by which one defendant, who was stationed across the street, would signal to another defendant in the building when the officers approached to make a raid; that these defendants were on various occasions seen to carry packages and bottles into said premises, sometimes in their pockets, and at other times in grips and suit cases; that during all of said period of time the place had a general reputation of being a place where intoxicating liquors were kept for sale and disposed of in violation of the prohibitory liquor laws of the state; that whisky was found concealed under the rear stairway to the building in a plant that had been established there under the ground.

The evidence also discloses that the defendant Pence resided at No. 1429 West Main street, Oklahoma City, which was some 14 or 15 blocks distant from No. 203½ North Broadway; that the defendant Cameron was the owner of an automobile, which was constantly parked in front of or near these premises on Broadway street in Oklahoma City every day during this period of time; that these defendants were watched by the officers of the city and county, and were seen to make frequent trips in this automobile from the said premises on Broadway to the residence of the said Pence, where packages of liquor were obtained and carried back to the premises on Broadway; that the premises of Pence on West Main street

were used as a storehouse in connection with and as a part of the business conducted at 203½ North Broadway; that large quantities of liquor were seen to be carried into Pence's home during this period of time; that on the 19th of October, 1915, the sheriff of Oklahoma county, one of his deputies, and another officer employed by the county attorney, caught the defendants Pence and Cameron in the act of leaving Pence's home to get into the automobile along about 7 o'clock in the evening; that a search was made of their persons, and the defendant Pence had concealed in and upon his clothes five pints of whisky. On another occasion the residence of Pence was searched, and a barrel of bottled beer was found. On another occasion an empty keg was found concealed upon his premises, which had a paper wrapped around it which was wet with whisky, and around the bung hole of the keg the odor of whisky was very pronounced. The neighbors of Pence testified to the fact that during this period of time about twice a week an empty trunk would be carried away from his residence by a transfer wagon, and would be returned during the following night, and would be seen the next morning at the rear end of his place with the top open; that whisky cartons and empty whisky bottles in large numbers were seen in and upon Pence's premises, where his house was located; that shipments of whisky and beer were frequently carried to Pence's residence by express companies; that on some occasions, when the premises at No. 203½ North Broadway were searched, whisky glasses were found with small amounts of whisky in them; that said defendants Cameron and Pence admitted the control of the premises at No. 203½ North Broadway during this period of time.

No substantive defense was interposed by any of these defendants to the proof in this case. They merely relied upon impeaching the credibility of certain neighbors of Pence, who testified to the fact of large quantities of intoxicating liquors being carried to his house during the time charged that this offense was committed. It is the opinion of this court that the evidence adduced by the state was sufficient to authorize the trial court to submit to the jury the question of whether or not these defendants were maintaining said place as a liquor nuisance. The jury having found the defendants guilty, and the trial court having refused to set the verdict of the jury aside, and there being evidence sufficient to sustain the judgment, this court will not set it aside.

It is also contended that the court erred in allowing evidence to be introduced that the said place had the general reputation of being a place where intoxicating liquors were kept for sale, and where persons congregated to purchase the same during said period of time. It has already been established by the decisions of this court that in this class of cases such testimony is competent. *Wilkerson v. State,* 9 Okla. Cr. 663, 132 Pac. 1120; *Caffee v. State,* 11 Okla. Cr. 263, 145 Pac. 499; *Ostendorf v. State,* 8 Okla. Cr. 360, 128 Pac. 143.

Finally, it is contended that the court erred in allowing the state to prove the reception of intoxicating liquors at the Pence residence, which was not connected with the place alleged to be maintained as a nuisance, and also in admitting testimony showing the search of the defendant Pence on the 19th day of October, 1915, and the discovery of whisky on his person. We think this evidence was competent. Before this proof was admitted the state had

shown by competent testimony that the defendants Cameron and Pence made frequent trips from the place conducted at 203½ North Broadway to the residence of Pence on West Main street; that on these occasions they obtained intoxicating liquors at Pence's residence and carried them back to 203½ North Broadway. The evidence showed in effect that the two places were conducted, one as a place of sale, and the other as a storehouse for the liquors to be sold at 203½ North Broadway. The place at 203½ North Broadway was in the business district of the city, where it was unsafe to keep large quantities of liquor. The place on West Main street was in the outskirts of the city, where liquor could be received and kept with less danger of discovery. This evidence tended to show the manner in which the place at 203½ North Broadway was kept and conducted by these defendants, and tended also to connect the said defendants with its maintenance.

We find no error in the record justifying a reversal of this judgment. The judgment is affirmed.

DOYLE, P. J., and ARMSTRONG, J., concur.