FRED TINDELL v. STATE.

No. A-3628—Opinion Filed March 28, 1921.

(196 Pac. 555.)

Appeal from Superior Court, Creek County; Gaylord R. Wilcox. Judge.

Fred Tindell was convicted of manufacturing intoxicating liquors, and he appeals. Reversed.

W. D. Cope and Grace Arnold, for plaintiff in error.

S. P. Freeling, Atty. Gen., and W. C. Hall and E. L. Fulton, Asst. Attys. Gen., for the State.

PER CURIAM. This is an appeal from the superior court of Creek county, wherein Fred Tindell was convicted of the crime of manufacturing intoxicating liquor, and his punishment fixed at a fine of $50 and imprisonment in the county jail for a period of 30 days. From this judgment he has appealed, and assigns as grounds for a reversal that the evidence is insufficient to sustain the conviction, and that the court erred to his prejudice in permitting the state to introduce incompetent, irrelevant, and immaterial evidence over his objection and exception.

In view of the disposition made of this appeal, it is not necessary to enter into a discussion of the evidence, except to state that the incriminating evidence against defendant of the crime charged is circumstantial: there being no direct evidence to the effect that defendant manufactured the intoxicating liquor (Choctaw beer) as alleged in the information.

During the progress of the trial the court permitted the state, over objection and exception of defendant, to introduce evidence that the home of defendant, where the Choctaw beer alleged to have been manufactured by him was found, had the general reputation of being a place where intoxicating liquors were manufactured, sold, and given away in violation of law.

This court has held that in prosecution for maintaining a liquor nuisance, and also in prosecutions for the unlawful possession of intoxicating liquors with intent to sell the same, evidence of the general reputation of the place where such liquors are found is admissible in the first class of cases, and under certain circumstances in the second class, provided the place where such liquors are possessed is one of general resort, or is a public place fitted up in the manner similar to a liquor saloon. Ward v. State, 15 Okla. Cr. 150, 175 Pac. 557; Cameron et al. v. State, 13 Okla. Cr. 692, 167 Pac. 339.

However, in a prosecution for the manufacture of intoxicating liquors, the question of the reputation of the place where liquors previously alleged to have been manufactured are found, as the court views

the law, can have no bearing upon the question of the guilt of defendant, as no issue of public notoriety or intent to sell or otherwise dispose of such liquors enters as a material element in such offense. This evidence therefore was clearly incompetent, irrelevant, and immaterial and should not have been admitted.

Th Attorney General has filed a confession of error based upon the admission of this incompetent evidence, and for such reason is of the opinion that the judgment of the trial court should be reversed. With the view expressed by the Attorney General, the court concurs.

Judgment reversed.