ABE TAYLOR et al. v. STATE.

No. A-5740. Opinion Filed April 30, 1927.
(255 Pac. 714.)

Hill & Criswell, for plaintiffs in error.

Edwin Dabney, Atty. Gen., for the State.

PER CURIAM.  The plaintiffs in error, hereinafter called defendants, were convicted in the county court of Seminole county on a charge of having the unlawful possession of intoxicating liquor and were each sentenced to pay a fine of $200 and to serve a term of 60 days in the county jail.

The first contention made is that the evidence is insufficient to sustain the verdict.  Upon this point, the record discloses that certain officers, with a search warrant, went to the premises of defendants and made a search without finding any intoxicants.  They then saw defendants coming out of a vacant 40-acre tract of land and go into a field where some boys were plowing.  They thereupon arrested defendants and searched the vacant 40 acres of land and near the center found intoxicating liquor and a part of a still; there were various trails leading in different directions from it.  There was no proof of who owned or had control of the 40 acres of land, nor who was the owner of the intoxicants found except the circumstances detailed.  One of the defendants lived about a quarter of a mile away, and the other about a mile and a half. The evidence that defendants were in possession of the whisky found is not clearly made to appear.  There should be some proof that defendants were in posses-

sion of the intoxicating liquor found or such circumstances from which it may be reasonably and logically inferred, such as proof of the ownership, or control of the land where it was found, or such connection with it that it can be said that there is proof of possession. Mater v. State, 9 Okla. Cr. 380, 132 P. 383; Benson v. State, 10 Okla. Cr. 16, 133 P. 271.

Complaint is also made that the court erred in admitting evidence that the homes of the defendants had a bad reputation as places where intoxicating liquors were dispensed. Prosecuting officers seem to be in confusion over the admissibility of this evidence. In a case where a defendant is charged with maintaining a place where intoxicating liquors are dispensed, reputation of the place is admissible. Cameron v. State, 13 Okla. Cr. 692, 167 P. 339; Tindell v. State, 18 Okla. Cr. 721, 196 P. 555. But where he is charged with having the possession of intoxicating liquors with intent to sell, the reputation of his home or premises is generally inadmissible, unless the place be one resorted to by the public; such evidence is then admissible on the question of intent. Thompson v. State, 9 Okla. Cr. 525, 132 P. 695; Brokhaus v. State, 11 Okla. Cr. 625, 150 P. 510; Blumhoff v. State, 11 Okla. Cr. 662, 146 P. 1195; Ward v. State, 15 Okla. Cr. 150, 175, Pac. 557, and authorities cited.

The case is reversed and remanded.