## GROVER HAMILTON v. STATE.

No. A-6150.   Opinion Filed May 26, 1928.
(267 Pac. 684.)

W. L. Chase, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

DAVENPORT, J. The plaintiff in error, hereinafter referred to as defendant, was convicted in the district court of Adair county, Okla., of the crime of having in his

possession intoxicating liquors, with the unlawful and felonious intent to barter, sell, give away, and otherwise furnish the same. This being a second offense, the sentence was imprisonment in the penitentiary at McAlester for a period of one year, and to pay the costs of this prosecution. Motion for new trial was filed and overruled, and exceptions duly saved, and appeal to this court perfected.

The information in this case was filed October 15, 1925, charging that the offense alleged in this information was the second offense against the defendant; the defendant having heretofore been convicted of violating the prohibitory laws and paid the penalty. The state introduced the record showing the former conviction of the defendant, and then called Jesse Terrill, who testified, in substance, that he was a deputy sheriff on the date of the alleged offense, and that he went to the defendant's home with the sheriff.

On cross-examination he said the sheriff wanted him to go down there with him; the sheriff said he had a search warrant. Objection was interposed by defendant's counsel as to witness testifying as to what the sheriff told him he had, which objection was by the court overruled, and defendant duly excepted. Witness said they made a search of defendant's premises, and found some whisky; it was concealed in the barn loft among some shock fodder. The defendant on that day was down in the corn field plowing. They did not place the defendant under arrest. Afterwards charges were lodged against him. On cross-examination witness stated:

The reason they did not place defendant under arrest, "He was already under bond," so the sheriff said. "I did not have a warrant, and I did not know there was any whisky there before I went there."

On redirect examination witness was asked these questions over the objection of the defendant:

"Q. You were searching there under the directions of a search warrant Mr. McCasland had? A. Yes, sir. (Defendant saved an exception to the ruling of the court in overruling the objection.)"

John Palone, called as a witness for the state, testified that he was deputy sheriff, and that he went to defendant's home with Jesse Terrill and Tom McCasland:

"Q. Some one of the members had a search warrant, did they? A. Tom McCasland. Gilly Pierson was with us, too, I believe.

"Q. Did you make the search of any premises under that search warrant? A. Yes, sir. (Defendant's objections were renewed, and were overruled by the court.)"

Witness then stated they found about one-half gallon of whisky in the barn loft, and attempted to identify the whisky. The court permitted the witness, over the objection of defendant, to smell the whisky and attempt to identify it by its smell as being the same whisky that was found in the barn; defendant excepted to the ruling of the court in permitting the witness John Palone to testify that the sample of whisky he examined by smelling was the same whisky found in defendant's barn.

On redirect examination, the state undertook to show by the witness that they had a search warrant, and defendant told them to help themselves, and that they made the search under the search warrant. This is all the testimony on behalf of the state. The defendant did not introduce any testimony, but elected to stand on the testimony introduced by the state.

The defendant has assigned five errors alleged to have been committed by the court in the trial of his case. The first error assigned is,

"The court erred in overruling plaintiff in error's motion for a new trial."

This assignment is the only error we deem necessary to consider, as the other errors complained of are included in it.

Section 7013, C. O. S. 1921, is as follows:

"No warrant shall be issued to search a private residence, occupied as such, unless it, or some part of it, is used as a store, shop, hotel, boarding house, or place for storage, or unless such residence is a place of public resort."

The defendant in this case was charged with the second violation of the prohibitory statutes, and, if convicted, the punishment imposed would be imprisonment in the penitentiary. The state, in attempting to prove the guilt of the defendant, called two witnesses who testified that Tom McCasland, the sheriff, in the absence of the defendant, told them he had a search warrant to search the residence and premises of the defendant. Neither of them testified that they saw the warrant, and the state did not offer any testimony to show that a copy of the warrant, as provided by section 7009, C. O. S. 1921, was served on the defendant. The witnesses admit they searched the residence and premises of the defendant, but fail to show any authority for so doing, except that Tom McCasland had told them he had a search warrant. The statement of the sheriff made to the deputies, in the absence of the defendant, is not admissible to show that the officers had complied with the law by making the proper affidavit under the statute to give the court jurisdiction to issue a search warrant to search the home of the defendant.

The evidence of the state witnesses was inadmissible, and the court erred in overruling the objection of the defendant to the admission of the same. No reason is given why Tom McCasland was not called by the state when the defendant interposed his objection to the hearsay statements of Terrill and Palone, nor does the state

attempt to show by any officer in the county or by the affidavit itself, or the search warrant, that such application was ever made or the writ issued.

This court has repeatedly defined what was necessary for the purpose of securing a warrant to search a residence of a party charged with a crime, and defined what grounds should be contained in the affidavit and warrant.

In Cudjo v. State, 34 Okla. Cr. 199, 245 P. 906, the court said:

"A 'private residence is immune from search or seizure, unless a showing is made by affidavit that such residence" or part "of it is a place of storage * * * or place of public resort."

In Wofford v. State, 40 Okla. Cr. 18, 266 P. 494, this court in the first paragraph of the syllabus says:

"An affidavit for search warrant must particularly describe the place to be searched, and the search warrant must describe the place to be searched so that it can be ascertained from an examination of the warrant, and with such reasonable particularity that no discretion as to the place to be searched is left to the searching officer."

In this record we find the usual statement from the witnesses that, when the defendant was told they wanted to search his place, the defendant told them to go ahead, attempting to show by such evidence that the defendant waived his constitutional right, and was willing for them to search. This is not the law, and is usually stated to indicate the defendant does not intend to resist the officer if he has a legal right to search.

A careful examination of the entire record fails to disclose any competent testimony that the officers were acting under a valid search warrant. All the evidence procured was unlawfully procured, and is inadmissible, and defendant's objection to the testimony should have been sustained.

The case is reversed and remanded.

DOYLE, P. J., and EDWARDS, J., concur.