## DOROTHY COTTER v. STATE.

No. A-9992. April 29, 1942.

(125 P. 2d 777.)

Mathers & Mathers, of Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and J. Walker Field, Asst. Atty. Gen., for the State.

DOYLE, J. This appeal is prosecuted from a conviction had in the county court of Grady county, on November 22, 1940, wherein the defendant, Dorothy Cotter, was found guilty of selling intoxicating liquor, in Grady county on the 20th day of March, 1940, to one Woodrow Bigbow, and her punishment assessed at a fine of $50 and confinement in the county jail for a period of 30 days. Motion for new trial duly filed and overruled.

From the judgment rendered on the verdict an appeal was perfected by filing in this court on January 21, 1941, a petition in error with case-made.

The testimony of Hoyt Shelby was to the effect that he was a federal officer in the Indian service; knows Woodrow Bigbow, Jess Hendrick, and Charlie Palmer, and they are full-blood restricted Indians; that on the date alleged he drove to Chickasha, and saw the car that these Indians were driving stop at the Sadie Thomas place, in Chickasha; they went into the house, were there five or ten minutes, when they came back to where his car was parked. Woodrow Bigbow handed him a pint bottle full of dry gin; that was here in Grady county, and he swore to the complaint charging the defendant with the unlawful sale.

Woodrow Bigbow testified: I am a full-blood Kiowa Indian; on March 20th, this year, I came to Chickasha with Hoyt Shelby; Jess Hendrick and Charlie Palmer were with me; I bought a pint of liquor from that lady; they call her "Dorothy", her place is about a mile north of here; when the three of us went in I told her that we wanted to buy some liquor; she said she did not have anything but dry gin, I paid her $1.50 for the pint of

dry gin; at that time Mr. Shelby was south of there about half a mile.

On cross-examination he stated that Mr. Shelby gave him and the other boys some money to make a buy, that his age is 27 years, and he is a government posseman.

The testimony of Jess Hendrick was to the effect that he is a full-blood Caddo Indian, and he is a government posseman under Hoyt Shelby, was with him, Bigbow and Palmer here in Chickasha in March this year, and was present when Bigbow made a purchase of some gin, pointing towards the defendant he said "she is the one that sold it to him."

Charlie Palmer testified that he is a full-blood Kiowa Indian, was present when Bigbow purchased some gin from the defendant in a stucco house north of here; he gave her $1.50 for it; when we went to this place Mr. Shelby and another officer waited down the road for us.

Henry Mitchell testified that he was jailor at Chickasha in March, 1940, had occasion to go out with Hoyt Shelby, north of town, near the Sadie Thomas place, knows the defendant, Dorothy Cotter; she lives at Sadie Thomas' place; that one of the Indians gave a bottle of gin to Hoyt Shelby, but did not know where it came from.

He further testified:

"Q. Are you familiar with the reputation of the place of business and residence of Sadie Thomas, north of Chickasha, and were you familiar with it in March, 1940? Mr. Mathers: Objected to as incompetent, irrelevant and immaterial. The Court: Overruled. Exception. A. Yes, sir. Q. I will ask you to state whether or not it was a place that was known as a place where intoxicating liquor could be bought? A. Yes, sir."

The state rested, and the defendant interposed a demurrer to the evidence on the ground that the same is

insufficient under the law to show the commission of a crime. Overruled. Exceptions.

As a witness in her own behalf, Dorothy Cotter testified:

"I have lived here in Chickasha about 23 years, off and on, I heard these three men testify, I did not ever sell them any liquor and today is the first time I ever saw them; my age is 26 years, I usually live with my husband, G. J. Cotter, he is in Texas right now, working on a farm; my parents, Mr. and Mrs. Ed Weldon, live here in Chickasha."

Asked: "Q. Did you ever see this gentleman behind the county attorney here? (Indicating Mr. Shelby) A. No, sir."

On cross-examination she stated: "As far as I know, the only time I ever have been convicted in police court was one time for being drunk." "Sadie Thomas is my sister-in-law."

It is contended that the court in permitting the witness Mitchell to testify that he was familiar with the reputation of the place of business and the residence of Sadie Thomas, and that it was known as a place where intoxicating liquor could be bought, committed prejudicial error.

It is a sufficient answer to the contention made that the error complained of did not constitute prejudicial error.

Under our statute the appellate courts of this state are not at liberty to set aside a judgment unless, "after an examination of the entire record, it appears that the error complained of has probably resulted in a miscarriage of justice, or constitutes a substantial violation of a constitutional or statutory right." Section 3206, St. 1931, 22 O. S. 1941 § 1068.

In the case of Harris v. State, 14 Okla. Cr. 489, 173 P. 958, 963, it is said:

"It was not intended that the appellate courts should hunt through the numerous volumes of law books in the State Law Library to find technical reasons for reversing a conviction or to excuse the rulings and conduct of the trial judge in instances of this kind. The necessity of that has been done away with by the foregoing enactment of the Legislature, and it is the solemn intention of this court to respect that enactment. The trend of modern thought is to the effect that where the guilt of those charged with crime is established beyond the peradventure of a doubt, such as in this case, the criminal shall not escape his just punishment just because certain matters occurred and rulings were made by the trial judge during the progress of the trial that have heretofore been held to be technically erroneous.

"It is not error alone that reverses judgments of conviction of crime in this state, but error plus injury, and the burden is upon the appellant to establish to this court the fact that he was prejudiced in his substantial rights by the commission of error. * * * This court has not the time nor the disposition, nor do we believe it is its duty under the law, to reverse such a judgment unless fundamental error has occurred."

Upon an examination of the record we find no substantial violation of any constitutional or statutory right of the defendant, and we think there has been no miscarriage of justice. Finding no prejudicial error in the record, the judgment of the county court of Grady county herein is affirmed.

BAREFOOT, P. J., and JONES, J., concur.