## WILLIAM A. COTTON v. STATE.

No. A-10639.    Feb. 5, 1947.

(177 P. 2d 155.)

Robert R. Rittenhouse, of Oklahoma City, for plaintiff in error.

Randell S. Cobb, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., and Warren H. Edwards, Co. Atty., of Oklahoma City, for defendant in error.

BAREFOOT, P. J. Defendant, William A. Cotton, was charged in the court of common pleas of Oklahoma county with the unlawful possession of intoxicating liquor, to wit, 25 pints of tax-paid liquor; was tried by the court without a jury, convicted and sentenced to pay a fine of $50 and to serve 30 days in the county jail, and has appealed.

Defendant was charged jointly with his wife, Lou Eva Cotton, with the possession of the above described intoxicating liquor at their home in Oklahoma City, on January 3, 1945. Defendant was found guilty, and his wife, Lou Eva Cotton, was found not guilty.

The only contention of defendant is that the evidence was insufficient to sustain the judgment and sentence. As a basis for this contention, it is argued that the evi-

dence did not show that defendant was in possession of the liquor for the reason that the premises where the liquor was found by the officers was not shown to be in the possession of defendant.

We have carefully examined the record and the search warrant which was introduced in evidence. The description in the search warrant was entirely sufficient to describe the premises as the home of the defendant and his wife. His name was stated therein. The evidence revealed that a toolhouse was situated on the front part of the lot. It was unoccupied, and defendant's home was located on the rear of the lot, as described in the search warrant. The liquor was found in three different places on the premises, part being buried in the chicken house, part of it in the yard or lot, and part of it in a tool box by the chicken house door. Defendant was not present at the time the officers searched the premises, but his wife was there. She testified that she and defendant occupied the premises, and that she did not know to whom the liquor belonged, and that it did not belong to her. Defendant did not take the witness stand to deny that the liquor belonged to him, or that if it did, that it was for a lawful purpose. Under the law, the possession of more than one quart of intoxicating liquor is prima facie evidence of an intention to convey, sell, or otherwise dispose of such liquor. 37 O.S. 1941 § 82.

This case was tried before the court without the intervention of a jury. Defendant and his wife were jointly charged. An officer testified that the wife of defendant stated at the time of the search that the liquor belonged to her husband. This statement, not being made in presence of the husband, would not be binding on him. The court so ruled at the time, stating: "The

352

court only considers it so far as her defense is concerned." The statement was admissible as for or against her. The court later found her not guilty. This statement, made before the court and not before a jury, was not prejudicial.

The facts in the case of Jenkins v. State, 28 Okla. Cr. 249, 230 P. 293, cited by defendant, are not applicable to the facts here presented. That case involved the search of a rooming house, with many occupants, and not simply a residence occupied solely by defendant and his wife. There the defendant took the witness stand, and denied any knowledge or ownership of the liquor and subjected himself to cross-examination by the county attorney.

We find that the evidence was sufficient to sustain the judgment and sentence herein, and for the reasons herein stated, the judgment of the court of common pleas of Oklahoma county is affirmed.

JONES and BRETT, JJ., concur.