VIRGIL PINKSTON McCANN v. STATE.

No. A-10895.    Oct. 27, 1948.

(198 P. 2d 1010.)

Lee Williams of Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for defendant in error.

JONES, J. The defendant, Virgil Pinkston McCann, was charged in the court of common pleas of Oklahoma county with the illegal possession of intoxicating liquor; a jury was waived, the defendant was tried, found guilty and sentenced to serve 30 days in the county jail, and pay a fine of $300, and has appealed.

It is contended that the court erred in overruling the motion to suppress evidence.

At the time the motion to suppress evidence was presented, Jack Caldwell, a police officer of Oklahoma

City, was called as a witness by the defendant. He testified that he was the officer who signed the affidavit to procure the search warrant and that he served the warrant the next day after it was issued; that he went to the place described in the warrant, but found no one there; that the door was unlocked, so he tacked the warrant to the door, looked inside of the room and found 42 pints of whisky.

He further testified:

"Q. Did you know who, of your own knowledge, who lived there in that room? A. Yes, sir. Q. Who? A. Virgil McCann."

Counsel then sought to question the officer as to the source of his information for the positive statements set forth in the affidavit, but the trial court correctly sustained objections to such examination.

The affidavit and warrant were introduced in evidence.

The defendant also testified at the hearing on the motion to suppress evidence that the whisky seized by the officers belonged to him, and that shortly after the raid he went to the police station and paid a $20 fine; that he later served five months in the county jail and thought that he was cleaning up all of his old liquor cases when that was done. However, on cross-examination, he admitted that he had not served any time in jail or disposed of the charge involving the specific liquor in question. The defendant contended that the whisky was his for his own personal use and not for sale, but to offset this, the county attorney introduced in evidence the record of 24 prior convictions sustained by the accused for violations of the liquor law.

It is contended that the affidavit for the search warrant was insufficient to justify the issuance of the warrant for the reason that it failed to allege that the premises in question were occupied by Virgil McCann as a private residence.

We find no merit in this contention. The affidavit was well prepared. It alleged that the premises to be searched was a place of public resort, and further stated that affiant knew of his own personal knowledge that Virgil McCann unlawfully had intoxicating liquors at said place for the purpose of sale. There were many other allegations of fact which were sufficient to authorize the justice of peace to make a finding of probable cause for issuing a search warrant for the premises described in the affidavit.

In Buckley v. State, 69 Okla. Cr. 285, 102 P. 2d 619, this court held that where one uses his home as a place of storage of intoxicating liquors for the purpose of violating the liquor law of the state, or if the home is used for permitting persons to come to the home to purchase liquors, either to be consumed on the premises or to be carried away, it then becomes a place of public resort.

Although there is no statement in the affidavit that the place to be searched was the private residence of the accused, there were sufficient evidentiary facts set forth in the affidavit which would have been sufficient to have authorized the issuance of a warrant for the search of a private residence. Wagner v. State, 73 Okla. Cr. 317, 121 P. 2d 322.

The judgment and sentence of the court of common pleas of Oklahoma county is affirmed.

BAREFOOT, P. J., and BRETT, J., concur.