# MOODY v. STATE.

No. A-11214. June 28, 1950.

(220 P. 2d 297.)

Roe & Roe, Frederick, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Lewis A. Wallace, Asst. Atty. Gen., for defendants in error.

JONES, P. J. This is an appeal from a conviction sustained in the county court of Tillman county for the illegal possession of intoxicating liquor.

Defendant admitted the ownership and possession of 16 half pints of tax-paid whisky, but testified in her own defense that she had purchased the liquor for her own use; that she had never been arrested nor charged with any offense in her life and that she did not intend to sell or otherwise unlawfully dispose of said whisky.

At the conclusion of the evidence counsel for defendant requested the following instruction:

"The jury are instructed that the defendant admits having possession of the liquor in controversy in this action, but contends, and has offered evidence tending to show, that her possession of such liquor was intend-

ed for her own personal use and without any intention of violating any of the provisions of the prohibitory liquor laws of the State of Oklahoma; and, in this connection, you are instructed that possession of any amount of intoxicating liquor, intended for her own personal use, is not a violation of the law, and unless you believe from the evidence, beyond a reasonable doubt, that defendant's possession of the liquor shown from the evidence to have been possessed by defendant was for an unlawful purpose, as elsewhere in these instructions defined, then it is your duty to return a verdict of not guilty."

The trial court refused to give said instruction and his action is assigned as error. It is well settled that it is the duty of the court to instruct the jury from both the standpoint of the state and the defendant; and the defendant had the right to have a clear affirmative charge based upon the hypothesis that her testimony and the testimony of her witnesses was true, when this testimony affects a material issue in the case. Skelley v. State, 64 Okla. Cr. 112, 77 P. 2d 1162. It is not illegal to have the possession of intoxicating liquor in the state of Oklahoma for one's own personal use, irrespective of the quantity which a person might have in his or her possession. Of course, the greater the quantity the less likelihood there is that a jury would believe that the liquor was for the personal use of the individual charged with its possession. At no place in his instructions did the court advise the jury of the lawful right of defendant to have any quantity of intoxicating liquor in her possession, provided it was for her own personal use and not for unlawful disposition.

In Bock v. State, 80 Okla. Cr. 28, 156 P. 2d 381, this court held:

"The intent with which liquors are possessed is an essential ingredient of the crime. 37 O.S. 1941 § 82,

makes the possession in excess of one quart of whisky prima facie evidence of an intent to sell, but is not conclusive, and where defendant contends that he had intoxicating liquor for his own personal use, such contention raises an issue for the determination of the jury under proper instructions.

"Where wife of defendant testified that defendant had possession of certain whisky in their home for his own personal use, it was error for the trial court to refuse the following requested instruction, where there was no other instruction on defendant's theory of the case:

" 'The jury are instructed that the defendant admits having possession of the liquor in controversy in this action, but contends, and has offered evidence tending to show, that his possession of such liquor was intended for his own personal use and without any intention of violating any of the provisions of the prohibitory liquor laws of the State of Oklahoma; and, in this connection, you are instructed that possession of any amount of intoxicating liquor, intended for his own personal use, is not a violation of the law, and unless you believe from the evidence, beyond a reasonable doubt, that defendant's possession of the liquor shown from the evidence to have been possessed by defendant was for an unlawful purpose, as elsewhere in these instructions defined, then it is your duty to return a verdict of not guilty.' "

In the body of the opinion it is stated:

"In Oklahoma, the possession of intoxicating liquor for his own personal use is not unlawful regardless of the quantity a person has in his possession. Where a person has in excess of one quart in his possession under the statute such possession is prima facie evidence of an intent to sell, 37 O.S. 1941 § 82, but this is not conclusive, and where the defendant contends that he had the intoxicating liquor for his own personal use, such contention raises an issue for the determination of the jury under proper instructions. If they should determine that the defendant had it for his own personal use, it is their duty to return a verdict of not guilty. If they

should determine that he had it for the purpose of sale, conveyance, or other unlawful purpose, their verdict should be that of guilt."

Because the jury was not properly charged in accordance with the law, the judgment and sentence of the county court of Tillman county is reversed and the case is remanded for a new trial.

BRETT and POWELL, JJ., concur.