## HOUCHIN v. STATE,

No. A-11808.   Oct. 14, 1953.

(262 P. 2d 173.)

Percy Hughes, Hobart, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Owen J. Watts, Asst. Atty. Gen., for defendant in error.

JONES, J.  This is an appeal from a conviction sustained by H. C. "Mutt" Houchin in the county court of Harmon county for the unlawful possession of intoxicating liquor.

Three officers of Harmon county made a raid on the house occupied by the defendant, his wife, and two small children as a home and found approximately 32 pints of whiskey hidden in a secret cache under the floor in the southeast room of the house.  A hole had been cut in the floor and underneath the hole was a receptacle in which the whiskey was found.  A plank lid neatly fitted over the hole, linoleum was placed over this covering, and a divan was sitting on top of the secret compartment.

The defendant testified that he had never been convicted for any offense, liquor or otherwise; that he had a steady job working on the railroad, and he knew absolutely nothing about the whiskey.  He further testified that he had just recently moved into the residence, having rented it partially furnished from one Dorothy Branch, and he assumed that Dorothy Branch had left the whiskey there when she had left the town of Hollis suddenly one night.

The sheriff and the officers who made the raid each testified that they had made 10 or 12 raids on the house when Dorothy Branch lived there and that Dorothy Branch was a bootlegger.  The sheriff further testified that Dorothy Branch had left the town of Hollis suddenly about two weeks previous to the raid.

Two propositions are presented in the brief of the defendant.  First, the court erred in certain of its instructions.  Second, the county attorney was guilty of misconduct in his argument to the jury.

Over the objection and exception of counsel for the defendant, the court gave instruction No. 4, which reads:

"Honorable Jury, you are further instructed that under the law of the State of Oklahoma, the possession of more than one quart of intoxicating liquor, to-wit: Whiskey, is prima facie evidence of the intent to violate the liquor laws of the

State of Oklahoma, but that said presumption is subject to rebuttal and in this connection the defendant has testified that he did not know that the liquor was present in the home, and if you believe the same you will return a verdict of Not Guilty, but you are the sole and exclusive judges of the proper weight to be given the testimony of the witnesses, and to consider their interest in the outcome of this action."

This was the only instruction given which pertained to prima facie evidence, and the only one which mentioned the defendant's theory of the case. Instead of attempting to give an instruction on prima facie evidence and the theory of the defendant in one instruction, the court should have separately stated each and he would not have made the error which was made. In the case of Savalier v. State, 85 Okla. Cr. 87, 185 P. 2d 476, this court set forth an instruction which we recommended that the trial courts of the state give in unlawful possession of intoxicating liquor cases where the question of prima facie evidence is involved. It was there stated:

"In prosecution for unlawful possession of intoxicating liquor and trial court has given instruction based on statute relative to prima facie evidence of defendant's guilt by reason of possession in excess of one quart of intoxicating liquor (Tit. 37 O.S. [1951] § 82), a further instruction in substantially the following language should be given: 'The term "prima facie evidence" as that term is used in the statute above mentioned is that degree of proof which unexplained or uncontradicted is sufficient, if it be credited by the jury, to establish the unlawful intent, yet it does not make obligatory upon the jury to convict after the presentation of such proof; whether or not such evidence is sufficient to overcome the presumption of innocence of defendant and to establish his guilt beyond a reasonable doubt, when all the evidence is considered, is for the determination of the jury, and the term prima facie evidence as applied to the evidence does not shift the burden of proof from the state to the defendant.' "

The vice of the instruction which was given, as we view it, is that it attempts to place the burden of proof on the defendant to prove his innocence. The jury should have been correctly instructed that the defendant denied that he had possession of the intoxicating liquors in question, but contended that the same belonged to some other party, and in that connection the jury should have been instructed that the burden of proof was upon the state to prove beyond a reasonable doubt that defendant was the person who had possession of the whiskey which was found. As the instruction is written, the jury is instructed that "the possession of more than one quart of intoxicating liquor is prima facie evidence of the intent to violate the liquor laws but the said presumption is subject to rebuttal and in this connection the defendant has testified that he did not know that the liquor was present in the home and if you believe the same, you will return a verdict of not guilty."

As written, this instruction apparently assumes defendant had possession of the liquor and undoubtedly shifted the burden to the defendant to prove that he did not have possession of the liquor.

Complaint is also made concerning the giving of instruction No. 6, which reads as follows:

"Honorable Jury, it will take five of your number to return a verdict of Guilty and if you so find you will assess his punishment at not less than $50.00 and thirty days in jail, and not more than $500.00 fine and six months in jail."

We do not believe this instruction prejudiced the defendant as complained by counsel for defendant. However, we do not approve of it as drawn. As written, the instruction informs the jury that it takes only five to return a verdict of guilty. The jury should merely have been informed that they could return a verdict signed by not less than five of their number. It was unnecessary to inform

the jury that it took five of their number to return a verdict of guilty and it is possible that the jurors in reading this instruction were impressed that the trial court thought they should return a verdict of guilty. In the retrial of this case a proper instruction should be given.

There is substantial merit to the contention that the county attorney was guilty of improper argument to the jury when he stated:

"The sheriff tells me if he gets a 30 day sentence, and if he works he gets $2.00 a day, and then the rule of this court is that he gets two days off, in other words, if he serves 12 days up there working, he can finish 30 days. That's a rule of the sheriff's office, so the sheriff tells me."

We know of no law that would justify a sheriff in releasing a prisoner in twelve days where he had been sentenced to serve 30 days imprisonment. It was outside of the record and not a legitimate argument. It is the duty of the court to instruct the jury upon all questions of law needed for their guidance. However, it is apparent that the jury paid little attention to the argument of the county attorney, as they only fixed the minimum punishment upon the verdict of guilty which they returned.

By reason of the foregoing, the judgment and sentence of the county court of Harmon county is reversed and the case is remanded for a new trial.

POWELL, P. J., and BRETT, J., concur.