Freeman DAVIS, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–12066.

Criminal Court of Appeals of Oklahoma.

Feb. 9, 1955.

Tom Finney, Idabel, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

POWELL, Judge.

Freeman Davis, the plaintiff in error, hereinafter referred to as defendant, was charged by information filed in the county court of McCurtain County with the offense of unlawful possession of intoxicating liquor, it being charged that he possessed 33 one-half pints and 5 pints of tax-paid whiskey. Accused was tried before a jury, found guilty and his punishment fixed at a fine of $100 and thirty days confinement in the county jail. Appeal has been duly perfected to this court.

Two propositions for reversal are presented.

■ It is urged that the motion to suppress should have been sustained, it being contended that the description of the property to be searched and set forth in both the affidavit for search and the search warrant, was insufficient. The description reads:

"The first white house and outbuildings located on the north side of the road that runs along the south side of the SW4 of the Section 17, Township 6 South, range 25 east, McCurtain County, Oklahoma and in said SW4, 17–6–25 west of Yanubbe Creek and adjacent to said road."

While the description could have been improved upon, nevertheless, it appears that it is definite as to the section, township, range, quarter section and that the building described is the first white house on the north side of the road, and being the first house west of Yanubbe Creek and adjacent to the road. Surely the officers could locate the place to be searched from such description. There could be no mistake. And apparently there was no mistake or difficulty for the defendant testified on cross-examination:

"Q. [By the county attorney] Is your house the house that was searched, was that the first white house west of Yanubbe Creek? A. Yes, sir.

"Q. The first white house west of Yanubbe Creek? A. Yes, sir.

"By the Court: Mr. Davis, is there another house along the section line road between sections 17 and south of section 17, west of Yanubbe Creek before your house? A. West of Yanubbe Creek coming from the east mine is the first house from Yanubbe Creek.

See McCarthy v. State, 91 Okl.Cr. 294, 218 P.2d 397, for a case presenting facts very similar to the facts in the within case, and where we held the description sufficient.

The second proposition advanced for reversal is based on the failure of the county attorney to lay a predicate for certain questions asked a certain State witness. That is to say, the court permitted the county attorney to present evidence to the effect that defendant's home had the reputation of being a place where liquor could be purchased, without any predicate being laid in the form of testimony that the defendant's home was a place of public resort.

■ This court said in Hopkins v. State, 73 Okl.Cr. 292, 120 P.2d 371 (a case where the Attorney General filed a confession of error):

"Before evidence of the general reputation of a place may be received as evidence in a case of unlawful possession of intoxicating liquors, *it must be first shown that the place itself was a place of public resort, not merely that it bore such reputation.*" (Emphasis now supplied.)

C. M. Whitten, deputy sheriff, testified for the State in part as follows:

"Q. How long have you been a deputy sheriff? A. Since the first of the year.

"Q. Do you know Freeman Davis? A. Yes, sir.

"Q. You know where he lives? A. Yes, sir.

"Q. How long have you known him? A. Well, I knew him for ten years.

"Q. I will ask you if you know the general reputation of the house that you searched, and the place you searched, for being a place where whiskey can be bought?

"By Mr. Finney [attorney for defendant]: We object as incompetent, irrelevant and immaterial.

"By the Court: Overruled, exceptions allowed.

"Q. Do you know it? A. Yes, sir.

"Q. What is that reputation? A. Well, it is noted for a place—

"By Mr. Finney: We object to that as not being the proper answer.

"By the Court: Just answer the question.

"Q. Is that a place that has the reputation of where whiskey can be bought? A. Yes, sir."

This questioning was palpable error, but by reason of a necessary additional inquiry to be hereinafter treated, we would further explore the development in this jurisdiction of the rule stated above.

The place searched and where the liquor was found was a private residence. Under the provisions of Tit. 37 O.S.1951 § 88, it is provided:

"No warrant shall be issued to search a private residence, occupied as such, unless it, or some part of it, is used as a store, shop, hotel, boarding house, or place for storage, or unless such residence is a place of public resort."

◼◼ Thus we see, in the first place, that a warrant for the search of a private residence may not issue except under the conditions set out in the above statute. This section was enacted in implementation of Section 30 of Article II of the Bill of Rights of the Oklahoma Constitution. And this court has held under the above quoted statutory enactment that no magistrate has power to issue a search warrant to search a private residence occupied as such unless it is made clearly to appear that such private residence comes within the exceptions enumerated. Booth v. State, 67 Okl.Cr. 413, 94 P.2d 846; Duncan v. State, 11 Okl. Cr. 217, 144 P. 629. And it follows that evidence of possession of intoxicating liquor, obtained by illegal search of a defendant's home is inadmissible, and must be excluded on timely objection. Cosby v. State, 30 Okl.Cr. 405, 236 P. 906; Hamilton v. State, 40 Okl.Cr. 154, 267 P. 684; McDaniel v. State, 41 Okl.Cr. 203, 270 P. 1115.

In the within case in the motion to suppress filed by counsel for defendant, no contention was advanced that the affidavit for a search warrant or the search warrant failed to contain allegations that the home here involved was a place of public resort, or failed to allege other of the exceptions enumerated in the quoted statute. It was merely denied that the home was a place of public resort.

◼ If the affiant in the affidavit filed as a basis for issuance of the search warrant had failed on oath to affirmatively allege that the home sought to be searched was a place of public resort, then the search would have had to have been held void on timely motion to suppress. Relf v. State, 35 Okl.Cr. 234, 250 P. 141; Duncan v. State, 11 Okl.Cr. 217, 144 P. 629; Blackwell v. State, 54 Okl.Cr. 401, 22 P.2d 1041; Watson v. State, 73 Okl.Cr. 58, 117 P.2d 808; Buckley v. State, 69 Okl.Cr. 285, 102 P.2d 619; McCann v. State, 87 Okl.Cr. 444, 198 P.2d 1010. No doubt if such defect had existed counsel would have promptly interposed the objection as that would have been the easy and prompt way to dispose of the case.

◼ The defendant was precluded in the trial court from trying out the issue as to whether the residence was actually a place of public resort: the requirement simply being, so far as the trial court was concerned, to determine as a judicial function, whether or not the allegations were properly made in the affidavit for search warrant, and whether the search warrant issued by the magistrate and based thereon was sufficient. Workman v. State, 83 Okl. Cr. 245, 175 P.2d 381; Story v. State, 92

Okl.Cr. 131, 221 P.2d 682; Lardi v. State, Okl.Cr., 274 P.2d 409.

◼ Nevertheless, on trial, where the search of a private residence has been made, and liquor found, the State in order to prove that the defendant possessed the liquor with intent to sell rather than for his private use, must prove the "exception" allegation contained in the affidavit for search warrant, and in the search warrant, before the general reputation of such home making it an exception to the rule against search of a private residence may be shown. The allegation here that brought about the obtaining of a search warrant was that the home was "a place of public resort". On trial, then, it was incumbent on the State before the general reputation of the home as being a place where liquor could be bought could be shown, to first show, as alleged in the search warrant, that it was a place of public resort. Only that way could the statutory inhibition that "No warrant shall be issued to search a private residence, occupied as such" be overcome.

Concerning this problem: In Taylor v. State, 37 Okl.Cr. 23, 255 P. 714, 715, in a per curiam opinion, this court said:

"Complaint is also made that the court erred in admitting evidence that the homes of the defendants had a bad reputation as places where intoxicating liquors were dispensed. Prosecuting officers seem to be in confusion over the admissibility of this evidence. In a case where a defendant is charged with maintaining a place where intoxicating liquors are dispensed, reputation of the place is admissible [citing cases now omitted]. But where he is charged with having the possession of intoxicating liquors with intent to sell, the reputation of his home or premises is generally inadmissible, unless the place be one resorted to by the public; such evidence is then admissible on the question of intent." (Citing cases now omitted.)

◼ This problem now arises: Granting that the admission of evidence as to the general reputation of defendant's home as being a place where liquor could be purchased, without a proper predicate being laid, constitutes error, would the quantity of liquor found ipso facto determine whether such error should be treated, under Tit. 22 O.S.1951 § 1068, as harmless error or reversible error? That is to say, if the quantity of liquor found was small and could well have been possessed by defendant for his own personal use, should the error not be considered reversible error, while if the quantity was great, should it not then be considered harmless error? On the first day of November, 1954 we called on counsel for both the defendant and the State to further brief this point, giving twenty days for memorandum briefs, and the time having long expired, did independent research. We were unable to discover a case from this court where the error in question had been held harmless error. We did find the following cases that were reversed, some exclusively on account of the error being considered, and some by reason of that and additional errors: Wilkerson v. State, 9 Okl.Cr. 662, 132 P. 1120 (amount not shown); Thompson v. State, 9 Okl.Cr. 525, 132 P. 695 (one case whiskey and one jug of alcohol); Brokhaus v. State, 11 Okl.Cr. 625, 150 P. 510 (exact amount not shown); Blumhoff v. State, 11 Okl.Cr. 662, 146 P. 1195 (one and a half cases); Lunceford v. State, 28 Okl.Cr. 120, 229 P. 304 (two quarts whiskey and two quarts beer); Mockabee v. State, 28 Okl.Cr. 167, 229 P. 1094 (one quart corn whiskey and one jug corn whiskey); Williams v. State, 25 Okl.Cr. 284, 220 P. 667 (one quart whiskey); Severns v. State, 31 Okl.Cr. 281, 238 P. 217 (15 gallons Choc beer and 1 quart whiskey); Yakum v. State, 30 Okl.Cr. 184, 235 P. 253 (one-half pint whiskey); Westfall v. State, 30 Okl.Cr. 115, 235 P. 270 (amount not shown); Garrett v. State, 40 Okl.Cr. 195, 267 P. 683 (half gallon whiskey); Conley v. State, 40 Okl.Cr. 128, 267 P. 491 (amount not shown); Mason v. State, 53 Okl.Cr. 76, 7 P.2d 492 (amount not shown); Beatty v. State, 34 Okl.Cr. 418, 246 P. 1103 (two half pints); Harrington v. State, 51 Okl.Cr. 236, 1 P.2d 181 (sold half pint);

Hopkins v. State, supra ("a quantity of whiskey"); Culwell v. State, 75 Okl.Cr. 95, 128 P.2d 1027 (half gallon of whiskey).

We find nothing from the cases from this court where the quantity proven, standing alone, would support an exception to the rule long adhered to by this court. Such an exception would create obstacles of application as to when and where the line would be drawn as to the quantity of liquor possessed. In Mockabee v. State, supra, there was involved an open quart of whiskey found on the back porch of the home of the accused, and a jug of corn whiskey found on a lot of adjacent premises then unoccupied. There was no proof that this jug belonged to the defendant. The presumption was that the quart belonged to him, as it was found in his home. In fact, defendant testified and admitted ownership of the quart of whiskey but claimed that he had it for his own personal use, and not for any illegal purpose. He denied all knowledge of the jug of corn liquor.

It is a reasonable presumption that the greater the excess in quantity of liquor above the one quart, the greater would be the problem of the accused in convincing a jury that he possessed the liquor for his own personal use. Nevertheless, an accused cannot be deprived of this right. But of course should an accused exercise his right to testify, he may be asked about former convictions, if any, as bearing on his credibility as a witness. Atkinson v. State, 87 Okl.Cr. 142, 196 P.2d 522. And if he attempts to prove his good character, the State may show his reputation for being a bootlegger, if it has such evidence. Wilkerson v. State, supra. Still, there might be other sources of evidence available to an accused bearing on intent. However this may be, the question of the intent is one for the jury under all situations. And as emphasized by the defendant in petition for rehearing following the original opinion herein, and now withdrawn, this court has many times held: "Statute on prima facie case in liquor prosecution does not require conviction upon proof of possession of more than one quart unless rebutted", Tit. 37 O.S.1951, § 82, and we have said

that "Notwithstanding prima facie case arising in liquor prosecution, jury, to warrant conviction, must find defendant guilty beyond reasonable doubt." Walton v. State, 53 Okl.Cr. 24, 3 P.2d 212; Dorsey v. State, 44 Okl.Cr. 7, 279 P. 917; Caffee v. State, 11 Okl.Cr. 485, 148 P. 680 (a basic and leading case); Beal v. State, 12 Okl.Cr. 157, 152 P. 808; Butler v. State, 12 Okl. Cr. 530, 159 P. 1090; Whitehead v. State, 28 Okl.Cr. 193, 230 P. 291; Bock v. State, 80 Okl.Cr. 28, 156 P.2d 381; Moody v. State, 92 Okl.Cr. 20, 220 P.2d 297; Houchin v. State, Okl.Cr., 262 P.2d 173.

In other words, a defendant cannot be forced to testify, and regardless of how great the quantity of liquor he may have been shown to have possessed, still it was in the province of the jury to determine whether or not the possession was for his own personal use or for an unlawful purpose. Conceivably an accused might be acquitted regardless of the amount of liquor he was shown to have possessed, though as a practical matter, where the quantity was great and where the accused did not testify and offered no evidence, it would be difficult to imagine that jurors, in view of their oaths to reach their conclusion on the basis of the evidence introduced, could find such possession legal.

An analysis of the cases from this court heretofore cited discloses that where reversal was made on account of the error here complained of, that the reversals fall under the category of either where a small quantity of liquor was involved, or the accused testified and denied knowledge of such liquor being on the premises, or testified and asserted that he possessed the liquor for his own personal use, or the court in his instructions treated the presumption arising from the fact of possession of more than one quart of liquor, one of law rather than one of fact.

In the within case the jurors did find that the possession of the liquor in question was for the purpose of sale. And we dare say that the defendant could be tried one hundred times without the admission of the evidence to which complaint is directed and a jury with any regard for their oath would always return a verdict of

guilty. Such being our conclusion, Section 1068 of Title 22 O.S.1951 is pertinent, as it provides:

"No judgment shall be set aside or new trial granted by any appellate court of this State in any case, civil or criminal, on the ground of misdirection of the jury or the improper admission or rejection of evidence, or as to error in any matter of pleading or procedure, unless, in the opinion of the court to which application is made, after an examination of the entire record, it appears that the error complained of has probably resulted in a miscarriage of justice, or constitutes a substantial violation of a constitutional or statutory right."

In the case of Cotter v. State, 74 Okl.Cr. 304, 125 P.2d 777, the defendant was charged with the sale of intoxicating liquor. The court permitted a witness to testify as to the home where defendant lived, as bearing the reputation of being a place where intoxicating liquors could be purchased. In that case this court, speaking through Judge Doyle, said: "Appellate court will not reverse for rulings on evidence on trial errors unless record discloses miscarriage of justice, or that errors substantially violate constitutional or statutory rights." See also Woody v. State, 10 Okl.Cr. 322, 136 P. 430, 49 L.R.A.,N.S., 479; Anglin v. State, 92 Okl.Cr. 430, 224 P.2d 272; Spradling v. State, 93 Okl.Cr. 431, 229 P.2d 212.

We think the delay and expense of another trial is not justified under the facts peculiar to this case. The only possible damage that could have resulted to the accused, under the circumstances, from the erroneous admission of the evidence of the general reputation in question, would involve the question of whether or not such hearsay evidence might not have caused the jury to assess excessive punishment.

The punishment assessed was near the minimum and the writer would consider light for the amount of liquor possessed, providing it was for an unlawful purpose, and, in reason, it would not appear that the error just treated played any part in influencing the amount of punishment assessed. The writer can not agree that it did. However, the majority of this court would give the accused the benefit of every doubt, and have concluded that the punishment assessed should be modified by reducing the fine from $100 to $50, so that the judgment appealed from, as thus modified, is in all things affirmed.

JONES, P. J., and BRETT, J., concur.