**Ray SANDERS, Plaintiff in Error,**
**v.**
**The STATE of Oklahoma, Defendant**
**in Error.**

No. A–13093.

Court of Criminal Appeals of Oklahoma.

March 28, 1962.

Elmore Page, Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Robert D. Simms, Co. Atty. Tulsa Co., Ted Flanagan, Asst. Co. Atty., Tulsa Co., for defendant in error.

NIX, Presiding Judge.

The plaintiff in error, hereinafter referred to as the defendant, was charged by information in the Court of Common Pleas of Tulsa County of unlawful possession of alcoholic beverage. He was tried before the trial judge, found guilty, and sentenced to serve six months in the county jail and to pay a fine of $500.00.

Defendant lodged his appeal in this Court within the statutory period of time. He relies for reversal upon one assignment of error: That the trial court erred in overruling defendant's motion to suppress the evidence. Defendant contends in his motion to suppress that the search warrant was in-

valid because the description of the premises was not definite or certain.

The part of the search warrant complained of read as follows:

"* * * You are therefore commanded at any time day or night to make immediate search of the following described vehicle and or premises, the curtilage thereof, and the appurtenances thereto, belonging, situated in Tulsa County, the State of Oklahoma, to-wit: a certain one story frame house and out buildings, located thereon, located at 2143 East 36th Street North, said location being an extension of a certain street in the city of Tulsa and located in Tulsa County, State of Oklahoma."

Defendant testified on direct examination that his house had no number and that he lived on an acreage of 38 acres. That it had never been platted. That he received his mail Route 11, Box 451, and that there were six other houses near him to the east and that the residence next to him was a frame house. That most of the other residents received their mail in his box. He did admit that the street which ran in front of his house was 36th North and that the area according to his knowledge had not been surveyed or platted. However, whatever merit was attached to defendant's argument was destroyed on cross examination by the prosecutor. The following testimony of defendant was adduced upon cross-examination:

"Q. What is the house number of the house you formerly lived in, and Patsy is living in now?

"A. There is no number on it.

"Q. No number at all on the house?

"A. No.

"Q. Nowhere on it?

"A. No.

"Q. Have you ever used this number 2143 East 36 Street North?

"A. Yes, I used it. Most everybody out there uses it.

"Q. That is the particular street number. I am not asking you about the route and box number.

"A. Yes, that is what I call it.

"Q. That is the number that you call your house?

"A. Yes.

"Q. Your house is a one story frame house, is it not?

"A. Yes, sir.

"Q. Has out buildings?

"A. Yes. It has a barn, chicken house.

"Q. And it is at this location, 2143 On East 36 Street north?

"A. That is what we call it."

Deputy Sheriff Ridgeway testified that 2143 East 36th Street North was the description on defendant's house. That he and a deputy were out there before application was made for a warrant. He admitted that a deputy sheriff who accompanied him provided the address but testified he could find the house in question by the description of the warrant.

■ This Court held in the case of Davis v. State, Okl.Cr., 280 P.2d 749:

"The description in a search warrant of the place to be searched is sufficient if it enables the officer executing such warrant to locate premises to be searched without aid of any other information save that contained in search warrant." Also see Cotton v. State, 83 Okl.Cr. 349, 177 P.2d 155.

The evidence discloses that defendant admitted the house in which he lived at the time of the search was known as the address described in warrant. The officer testified he could locate the house from the description set forth in the warrant.

■ This Court has consistently held that we will not reverse a trial court upon the finding of fact in connection with a motion to suppress the evidence where there is competent evidence reasonably tending to support the findings of the court. See Sanders v. State, Okl.Cr., 341 P.2d 643.

A review of the transcript reveals ample basis to support the court's ruling in denying motion to suppress the evidence. Therefore, we are bound by such ruling and compelled to hold that the court did not err in overruling same.

The judgment and sentence of the trial court is therefore affirmed.

BRETT and BUSSEY, JJ., concur.